## NATHANIEL B. GOULD *et ux.*
### *v.*
## THE BISHOP HILL COLONY.

1. USURY — *what constitutes.* An agreement in a promissory note, payable in six months after its date, to pay twenty-five per cent. interest after maturity and until the note is paid, is not usurious.

2. Such an agreement will be regarded as in the nature of a penalty, as by payment of the principal at maturity, all liability for the payment of an usurious rate of interest is defeated.

3. If, however, a note were given, due at date or on short time, so as to induce the belief that it was only designed to evade the statute, the rule would be different.

4. CHANCERY — *relief against penalties — high rates of interest payable after maturity.* Being a penalty, if oppressive, no doubt a court of equity would afford relief as in other cases of that character.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

The Bishop Hill Colony executed the following promissory note:

"$720.

"For value received, six months after date, I promise to pay Mary Jane Jennings or order seven hundred and twenty dollars; and if the same is not paid when due, to pay her twenty-five per cent. interest thereon from the time the same is due until paid.                    BISHOP HILL COLONY,

"September 29th, 1858.                    Per O. JOHNSON."

Afterwards the payee, who was a *femme sole*, intermarried with Nathaniel B. Gould; and the note having matured, and remaining unpaid, Gould and his wife instituted suit thereon to the October Term, 1862, of the court below, and recovered a judgment only for the principal sum named in the note, with six per cent. interest. The plaintiffs below bring the case to this court on writ of error; and the question presented is, whether the reservation of interest at twenty-five per cent., payable after maturity, is usurious.

Mr. H. Bigelow, for the plaintiffs in error.

Mr. J. I. Bennett, for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action of assumpsit, instituted for the recovery of a promissory note, given by defendant in error to Mary Jane Gould, whilst she was sole and unmarried. It was for seven hundred and twenty dollars, due six months after date. Annexed to the note was this clause : " And if the same is not paid when due, to pay her twenty-five per cent. interest thereon from the time the same is due until paid." The question presented by the agreed state of facts, contained in the record, is whether this note is obnoxious to the defense of usury. It is contended by plaintiff in error, that the defendant is a corporation, and as such is prohibited by the statute from interposing the defense of usury. In the view we take of the case, we deem it unnecessary to determine that question.

This court, in the case of *Lawrence* v. *Cowlse*, 13 Ill. 577, determined that the agreement to pay a larger per cent. than the statute authorizes, only after the maturity of the debt, and by way of penalty, for a failure to pay at maturity, is not usurious. In that case, by agreement of the parties, the note was to draw ten per cent. after it became due. It was payable four months after date. By payment of the principal at maturity, all liability for the payment of a usurious rate of interest was defeated. It was also said that where, by the terms of the contract, a party may discharge himself by paying the real amount due, the transaction is not obnoxious to the statute against usury. The doctrine of that case seems to be abundantly supported by authority, and whatever might have been our views, were the question before us for the first time, we are inclined to adhere to the decision then made. It seems to be conclusive of this case. If, however, a note were given, due at date, or on short time, so as to induce the belief that it was

only designed to evade the statute, then the rule would be different. But here, six months elapsed, within which the maker might pay the principal and avoid the penalty. Being a penalty, if oppressive, no doubt a court of equity would afford relief as in other cases of that character. If found to operate with hardship, the legislature will no doubt apply the corrective. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*