## THOMAS C. DAVIS

*v.*

## WILLIAM H. RIDER *et al.*

1. PROMISSORY NOTE—*construction, as to payment of damages after maturity.* A promissory note was made payable "at the banking house of Chesnut, Blackburn & Dubois, with twenty-four per cent per annum after maturity, as compensation and damages for non-payment": *Held,* this was a promise to pay twenty-four per cent interest per annum, upon the principal sum named in the note, after its maturity, if not then paid.

2. USURY—*reserving a higher rate of interest than ten per cent, after maturity.* A promissory note was given, for $146.15, payable eighty days after date, with interest at twenty-four per cent per annum, after maturity, as compensation and damages for non-payment: *Held,* that rate of interest was recoverable, to be computed from and after the maturity of the note, if it was not then paid. Such a note is not usurious.

3. The fact that a note of that character matures in eighty days, will not, of itself, afford evidence that it was designed to evade the usury laws. Had it appeared, however, that it was understood by the parties that it was to run for a longer period, then it might be inferred that such was the intention. Or had there been proof that it was so drawn for the purpose of obtaining usury, that defense could clearly have been interposed.

APPEAL from the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

The opinion states the case.

Mr. JOHN M. PALMER, Jr. for the appellant.

Mr. JOHN N. McMILLAN, for the appellees.

MR. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit. The first count was on a promissory note, dated the first of May, 1860, due eighty days after date, and for the sum of $146.15, given by appellant and

payable to appellees. It was payable " at the banking house of Chesnut, Blackburn and Dubois, with twenty-four per cent per annum after maturing, as compensation and damage for non-payment." Appellant, after the court had computed interest upon this note from maturity till the rendition of the judgment, at the rate of twenty-four per cent per annum, moved the court to set aside the assessment, and allow but six per cent interest. But the court overruled the motion, to which appellant excepted, and judgment having been rendered on the assessment, this appeal is prosecuted.

It is contended that the language employed in this note specifies no rate of interest, but leaves the law to fix the rate, as in other cases where no agreement has been made. It is true, the word " interest " is not employed, and the question is therefore presented whether the language employed has any meaning, and if so, what? In the interpretation of all instruments, it is a canon of construction that all the language employed by the parties must have effect, if that can be given. To do so, all of the provisions must be considered, and the purpose of the parties may be considered, if it appears from other parts of the instrument, to aid in giving the language such a meaning as was intended by the parties. If, however, no meaning appears, either from the language itself or from the context, then it must be rejected, as surplusage.

The literal meaning of the language employed in this note is, that the maker will pay twenty-four, by or on the hundred, annually. The only question is, twenty-four what? Is it dollars, or is it cents? Had the word " interest " been employed in connection with the words " per cent," it is conceded that the difficulty would have been removed. The word "interest," when employed in connection with the loan of money, is defined " the compensation which is paid by the borrower to the lender, or by the debtor to the creditor, for its use." Had the word " interest " been inserted, it would then, according to the definition, have indicated the purpose for which the twenty-four per cent was to be paid. The note would then have, in terms,

stated that the per cent was paid as a compensation for the use of the principal sum; but in what manner would it have rendered the language more specific as to what the per cent was; whether it was twenty-four dollars annually on each hundred, or twenty-four cents on each one hundred cents, or on something else? We fail to perceive that it would have been more specific, or rendered more certain.

The promise was to pay so many dollars and cents, with the rate per cent, which, according to the rules of grammatical construction, and the common understanding of the commercial world, the per cent is and must be referred back to the sum just named. The language will bear no other reasonable interpretation. It then follows that the twenty-four per cent refers to the previously named dollars or cents, and is twenty-four dollars upon each hundred dollars, or twenty-four cents on each one hundred cents, of the principal sum. It follows that the court did not err in the assessment of damages on this note.

The case of *Griffith* v. *Furry*, 30 Ill. 251, is referred to as an authority that but six per cent interest could be allowed on the note in controversy. It that case, the words "ten per cent" were added at the end of the note, and were not made a part of it by any connective or other language by which it could be inferred the parties intended it to become a part of the instrument. Not so here, as the words "twenty-four per cent per annum" are connected by the word "with," so as to render it a part of the promise to pay. Here, there was, from the language itself, a promise to pay the per cent, while in that case there was no language from which a promise could be inferred. There is this broad distinction between the two cases.

The cases of *Lawrence* v. *Cowles*, 13 Ill. 577, and *Gould* v. *Bishop Hill Colony*, 35 Ill. 324, establish appellee's right to recover on this note. We can not say that a note not maturing for eighty days affords evidence that it was designed to evade the usury laws. Had it appeared that it was understood by the parties that it was to run for a longer period, then it might be inferred that such was the intention. Or had there been proof

that it was so drawn for the purpose of obtaining usury, then that defense could clearly have been interposed.

The judgment of the court below must be affirmed.

*Judgment affirmed.*