Owen, C. J.
On the 29th day of March, 1881, "William Rice and Joseph Hassenpflug entered into an arbitration agreement of the following tenor:
“We hereby agree to submit to Palmer Lowe, as arbitrator, all the differences, damages and claims whatsoever now existing between us; the said award to be made in writing and signed by the said Lowe, and the said matter is to be heard by him at his office, at such times as he shall appoint, reasonable notice thereof to be given to the undersigned, and ho may adjourn the hearing of said case from time to time, at his pleasure.
“ The undersigned mutually promise and agree to abide by and perform the award of the said arbitrator. It is further agreed that a certain promissory note, made by said William Rice to said Hassenpflug, dated April 1, 1866, for $448.10, shall be submitted to said arbitrator, and -in calculating whatever there may be due thereon, the interest shall be computed at ten per centum per annum.
“ In witness whereof we have herewith set our hands and seals this 29th day of March, 1881.
Wm. Rice, [seal.]
Jos. Hassenpflug. [seal.]”
Thereafter the arbitrator made his award in writing of the following tenor:
“Award of arbitrator, in case of Joseph Hassenpflug and William Rice, submitted to me as arbitrator, on the 29th day of March, A. D. 1881, as per submission in writing, now in my possession.
“ I find that the said William Rice is indebted to the said Joseph Hassenpflug, as follows: On one promissory note, exe *382 cuted by tbe said William Rice, and payable to Joseph Hassenpflug, dated April 1, 1866, for $448,10, and bearing interest at ten per cent., amounting ar this date to the sum of $1,169.06.
“ I further find that the said William Rice is entitled to a credit thereon of $100, paid April 13,1877, with interest thereon to this date, at ten per cent., amounting to $150, leaving a balance due said Hassenpflug of $1,018.84.
“Dated April 18, 1882.
Palmer Lowe, Arbitrator.
“ Fee of arbitrator, $25; each party to pay one-half.”
Hassenpflug filed in the court of common pleas his petition against Rice, in which he declared upon the foregoing submission and award and prayed judgment for the balance found due him by the arbitrator, with interest from the date of the award.
Issues of fact were finally joined, upon the trial of which the plaintiff below recovered the full amount claimed. The record embraces a bill of exceptions which brings before this court all the evidence given upon the trial. The j udgment of the trial court was affirmed by the circuit court, to reverse whose judgment the present proceeding is prosecuted.
The several assignments of error which are insisted upon in the argument of the case in this court as grounds of reversal, are based upon the contention that the award is invalid and cannot be made the predicate of a judgment for the reasons:
1. That the arbitrator was not sworn to the performance of his duties as such.
2. That being unsworn he had no authority to administer oaths to witnesses, who were for that reason not under oath when they gave their testimony at the hearing.
3. That the award does not show that the arbitrator passed upon all matters submitted to him, and that this omission cannot be supplied by parol testimony that all matters submitted to him were so considered.
4. That the award does not show that the arbitrator met the parties at thé place named in the submission, and that this omission cannot be supplied by parol testimony.
*383 5. That usury is embodied in both the award and judgment thereon, which renders both invalid.
I. The arbitrator was in fact not sworn. The Revised Statutes (section 5606) provide that: “ The umpire or arbitrators, and all witnesses shall be under oath, to be administered to him or them respectively by any judge or justice of the peace of the county.”
The parties, howrever, proceeded without objection to a hearing before the arbitrator, and were both sworn and testified in their own hehalf. Upon this feature of the case issue was joined as follows: Rice alleges in his answer:
“ That said Palmer Lowe, without the knowledge or consent of this defendant, proceeded to act as such arbitrator, and hear the evidence offered under the submission, without having been sworn as required by law, as such arbitrator, before any court, magistrate, or other officer, authorized to administer oaths in the state of Ohio.”
The plaintiff replies to this :
“ He has no knowledge as to whether the said arbitrator was sworn or not; but he denies that the said arbitrator was required to be sworn, as such arbitrator. And he denies that the said Lowe proceeded to hear the evidence, and to act as such arbitrator without the knowledge or consent of the said defendant.”
This left the fact admitted that the arbitrator was not sworn but put Rice upon his proof of the fact, if it was material, that it was without his knowledge or consent that the arbitrator proceeded to the hearing without being sworn. Upon this issue the record is utterly .barren of proof.
Several authorities are presented by the plaintiff in error which support the proposition that it is necessary in a statutory arbitration that the arbitrator be sworn unless the oath is waived by the parties. Did the conduct of Rice amount to a waiver of the oath by the arbitrator ? In Howard v. Sexton, 1 Denio, 440, (cited by plaintiff in error), it was held that “ parties to a submission to arbitration may waive the oath of the arbitrators, and such waiver will not divest the proceeding *384 of the character of a statute arbitration; * * * such waiver may be tacit, by going on where the arbitrators are not sworn, without objection, as well as express.”
In Winship v. Jewett, 1 Barb. Ch. 183, it was said by Walworth, Chancellor, that it would be wholly unjust, where the parties have suffered the arbitrators to proceed, without requiring them to be sworn, afterwards to urge that they were not sworn, as an objection to the validity of their award, because such parties are not satisfied with the decision; and when it was too late to obviate this technical objection, if it is one. As wc have already indicated, Rice does not show that he was misled into the belief, or supposed from any cause, that the arbitrator was sworn. We conclude, without any hesitation, that here was a waiver of the oath. While the authorities are not in harmony upon this question, and while some of them support the view that the oath of the arbitrator is necessary to clothe him with jurisdiction to proceed with the hearing, the weight of reason and logic as well as of the adjudications is with the view we have adopted.
II. The witnesses were in form sworn by the arbitrator.
It appears that the latter was in fact a justice of the peace. This clothed him with authority, under section 5606 of the Revised Statutes, cited supra, to administer binding oaths to the witnesses. It is not necessary that the oath be administered by the arbitrator himself; and as this arbitrator was authorized, by virtue of his office, to administer oaths to witnesses before any other person acting as arbitrator, it is not easy to see why he could not administer oaths to the witnesses before himself. This assignment is not well taken.
III. The contention that the award does not show that the arbitrator passed upon all matters submitted to him, is not well taken. The recital of the award itself shows it to be “an award of arbitration in case of Joseph Hassenpflug and William Rice, submitted to me as arbitrator, on the 29th day of March, 1881, as per submission in writing, now in my possession.” Settlements of controversies by arbitration or otherwise, are *385 favored, and that liberality which we ought to exercise in the construction of the awards of arbitrators, requires us to construe the above recital to mean that the arbitrator proceeded throughout according to the terms of the submission. That this claim of plaintiff in error is severely technical appears from the fact that the arbitrator testified without objection at the trial below: u I took into consideration all that they (the parties) presented,” and we are not called upon to review the findings of fact upon the evidence. The form of the award appears consistent with this statement, when we consider that he also testifies that: “ I threw the items of both sides out of the case.” This may fairly imply that, upon consideration, he disallowed them.
IY. The same rule of construction calls for a like conclusion concerning the contention that the award is invalid for the reason of its failure to show that the arbitrator and the parties met, pursuant to notice, at the place named in the submission. It should be observed that the defense was not that they did not so meet, but that the award fails to show that fact. It is sufficiently shown by the award.
Y. A more difficult question than either of those already considered, arises upon the contention of plaintiff in error, that usury is embodied in both the award and judgment, which renders them both invalid. It was stipulated by the parties, that in calculating whatever there might be due from Rice to Hassenpflug on a note dated April 1, 1866 (and which stipulated for ten per cent, interest) interest should be computed at the rate of ten per cent, per annum. The arbitrator (as his award shows) computed interest on this note according to the instructions and submission of the parties. Is this award invalid for the reason that it embraces usurious interest ?
The action below was not upon this note. The plaintiff declared upon the breach of the condition of the submission “ to abide by and perform the award of the arbitrator.” The submission furnished to the arbitrator a basis of adjustment of the controversy between the parties, so far as it involved this note, *386 If the parties had themselves computed the interest on the note at ten per cent., added it to the principal, and given the result to the arbitrator as one of the bases of his award, it would have been fully as exposed to the imputation of usury as in its present form. The question presented is: Did this submission embrace an agreement to pay usurious interest, and is the award thereon for that reason void? To constitute a usurious contract, there must be an agreement to pay interest-Interest is a creature of the statute. Section 3179 of the Revised Statutes authorizes parties to stipulate for the payment of interest, at a specified rate, upon the amount of any “ bond bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time,” etc. The agreement concerning the computation of interest in the submission before us, is not one for the forbearance or payment of money at any future time. It is a stipulated basis of computation of past and matured interest by the arbitrator upon a sum of which payment presently, and as soon as the award should be. rendered, was contemplated by the parties. The forbearance or payment of money at a future time, constituted no element of the consideration for the stipulation concerning interest.
It is a well-established principle that to constitute usury there must be either a loan upon usurious interest or the taking of more than'legal interest for the forbearance of a debt or sum of money due. Hogg v. Ruffner, 1 Black (U. S.) 115; Gould v. Bishop Hill Col., 35 Ill. 324; Woodruff v. Hurson, 32 Barb. Thurston v. Cornell, 38 N. Y. 281; Nichols v. Fearson, 7 Peters, 109.
Daniels v. Wilson, 21 Min. 530, was an action on a note given for a sum agreed upon for interest after the time for which it was computed had elapsed and at a rate in excess of of that antecedently specified in the contract. The court said a contract to pay interest is a contract to pay a consideration for the future use of money. That the contract in this case was a contract to pay for the past use of money and therefore not a contract to pay interest in any proper or legal sense. Sutherland on Damages, 531.
*387 In the case at bar, a disposition was shown by the parties finally to settle differences of long standing. The fact also appears and assumes much prominence in the case, that the stipulation for the computation of interest on the note was one of the controlling considerations of the contract to arbitrate, which in its turn furnished a new and independent consideration for this direction to the arbitrator to compute past interest. This stipulation is closely allied in principle to the case of a contract to build a house where, if the interest is part of the contract price, it is not usurious, Grœme v. Adams, 23 Grattan, 225; to a contract for sale of lands, Hogg v. Ruffner, supra; to contracts for more than the legal rate of interest in a partnership agreement, Cunningham v. Green, 23 Ohio St. 296 ; to contracts to pay interest upon interest which is due at the time the promise is made, although the aggregate sum of interest exceeds the legal rate, Tyler v. Yates, 3 Barb. 223; 3 Par. Con. 152. In none of these cases is the agreement usurious.
This principle and the distinction which it marks between usurious contracts and those based upon considerations other than the forbearance or payment of money át a future time is well illustrated by Byrd v. Odem, 9 Ala. 755, where it was held that: “Where one party, with the assent of another, borrows money at a usurious rate of interest, to pay a debt for which both should provide, and after the payment of such interest by the borrower, the other refuses to contribute, but by agreement with the borrower, submits the matter of interest to arbitrators, an award which adjudges him to pay half the interest will be supported.” The award in the case before us is not void for the reason assigned. In the discussion of this case the plaintiff in error assumed that this was a statutory arbitration, while the defendant in error assumed, with the same confidence, that it was a common law arbitration. We have not found it necessary to follow counsel in this discussion, nor to define the respective characteristics of these two modes of arbitration. It serves our purpose to say that if it was a common law arbitration the first four objections urged against the award are, beyond all question, untenable ; and if on the *388 other.hand, it was a statutory arbitration, the attacks upon the award are fully met and answered by the forgoing considerations, which assumed, with the plaintiff in error, and for the purposes of the discussion, that the arbitration proceeded under the statute.

Judgment affirmed.