JAMES ACHESON and Wife *vs.* ROSCOE G. CHASE.

August 1, 1881.

| | |
|---|---|
| 28 | 211 |
| 40 | 331 |
| 28 | 211 |
| 43 | 310 |
| 28 | 211 |
| 44 | 222 |
| 28 | 211 |
| 46 | 364 |
| 28 | 211 |
| 58 | 140 |
| 28 | 211 |
| 66 | 344 |

**Usury—Principal and Agent.**—Usury is the taking of a greater rate of interest for the loan or forbearance of money, goods, or things in action than is allowed by law. C. made A. his agent to loan money at A.'s discretion (land security to be taken in C.'s name) at the lawful rate of interest, then 12 per cent., net. C. was to pay A. nothing for his services to him in and about making loans, but he authorized him to collect of the borrower a reasonable compensation for such services. A. made a loan to the plaintiff of $500, upon plaintiff's note and mortgage for that sum, drawing 12 per cent. interest, and received of plaintiff $50 either as a pure bonus, *i. e.*, a gratuity, or partly as such bonus and partly as a reasonable compensation for his services to C. in and about making the loan. C. never authorized the taking of any bonus, or ratified or sanctioned it by receiving any part of it, or any benefit from it either directly or indirectly or otherwise. *Held,* that so far as the $50 was a bonus, in whole or in part, it was wholly the unauthorized act of A., and that the taking of it by him was not usury on the part of C. *Held, also,* that so far as any part of the $50 was a reasonable compensation for the services of A. to C. in and about making the loan, the taking of it was not usury though it was authorized by C.

Plaintiffs brought this action in the district court for Nobles county, to restrain the threatened foreclosure by advertisment of a mortgage on lands in that county, made by them to the defendant on August 9, 1877, to secure a loan made at the same time by the defendant James Acheson. They also prayed that the mortgage, and the note given therewith as evidence of the debt, be declared null and void. The action was tried before *Dickinson, J.*, whose findings of fact are

stated in the opinion, and who ordered judgment for the defendant, which was entered, and the plaintiffs appealed.

*Emory Clark* and *Geo. W. Wilson*, for appellants, cited Laws 1877, c. 15, (Gen. St. 1878, c. 23 ;) *McFarland* v. *Carr*, 16 Wis. 259; *Lee* v. *Peckham*, 17 Wis. 383; *Algur* v. *Gardner*, 54 N. Y. 360 ; *Browne* v. *Vredenburgh*, 43 N. Y. 195 ; *Cleveland* v. *Loder*, 7 Paige, 557; *Williams* v. *Hance*, 7 Paige, 581; *Buttrick* v. *Harris*, 1 Biss. 442; *Philo* v. *Butterfield*, 3 Neb. 256; *Cheney* v. *White*, 5 Neb. 261; *Cheney* v. *Eberhardt*, 8 Neb. 423; Story Agency, §§ 126, 127.

*Daniel Rohrer* and *Claiborne S. Rohrer*, for respondent.

BERRY, J.* The defendant, who resided in New York, authorized Alley, who resided in this state, as his agent, and at his (Alley's) discretion, to loan money at 12 per cent. interest, upon land securities to be taken in defendant's name. Alley was to receive no compensation from the defendant for acting as agent, but the defendant was to receive his 12 per cent. net—no more, no less—and Alley was authorized to charge to and collect of the borrower a reasonable compensation for his services to his principal in making the loan, without any instructions or agreement as to the amount thereof. The plaintiff applied to Parsons, both residing in this state, to procure him a loan of $500. Parsons agreed to procure it of some third person, plaintiff to execute a note for that sum, drawing 12 per cent. interest, secured by mortgage of real estate; Parsons to retain $65 as his compensation for effecting the loan. Parsons applied in writing to Alley to obtain the money of some parties for whom he.was agent, promising to pay him $50 to effect the loan. Alley forwarded Parsons's application to the defendant with his approval. This application was for a loan of $500 at 12 per cent. interest, secured by mortgage upon real estate. Defendant accepted the application, forwarded the money to Alley accordingly, and Alley handed it to Parsons, who, after receiving from plaintiff a note and mortgage as agreed, paid over to him the sum of $500, less $68. The latter sum was made up of $65, agreed by plaintiff and Parsons to be retained by the latter as compensation for procuring the loan, and of three dol-

---

*Dickinson, J., having tried the case in the district court, took no part in this decision.

lars, charged by Parsons for going to plaintiff's residence to inform him that the money had arrived, and the loan could be completed. After having the mortgage recorded, Parsons delivered it, together with the note, to Alley, who forwarded both to his principal, the defendant. Some days after the loan was completed, Parsons paid Alley $50, as agreed.

In all the proceedings Alley acted as defendant's agent, and not as the agent of plaintiff or of Parsons. The $50 was not paid to any extent as compensation for any services rendered by Alley to or on behalf of plaintiff or Parsons, as he did not perform any services not due from him to his principal, the defendant. Neither was this sum merely the adequate compensation for services which Alley performed for his principal in making the loan. It was in large part a mere bonus, agreed to be paid him, and paid and received, to secure his action as defendant's agent, and his approval of a loan, without which it would not have been effected. The defendant did not know that Alley made any charge other than such as would reasonably compensate for such services as he might actually render in the prosecution of his agency. He did not know what sum was paid to Alley by a borrower; nor in any given case, nor in this case, did he know whether any sum was charged to the borrower by Alley, nor the amount of such charge, or the grounds upon which it was made. He understood that Alley conducted the business for a compensation received in some way from the borrower, and that whatever charges he might make for his intervention would be made, not to his principal, but to the borrower. The defendant never received any part of the sum paid to Alley, nor was there ever any agreement or understanding that he should do so. In this instance no other benefit was received by or accrued to him, except the note and mortgage. The transactions above related all occurred in 1877.

The foregoing facts are found by the trial court, and we have recapitulated them, with perhaps unnecessary detail, in our desire to present the case fully and fairly. The question is, was the taking of the $50 by Alley usury on the part of the defendant? Usury is the taking of a greater rate of interest for the loan or forbearance of money, goods, or things in action, than is allowed by law. Gen. St.

1878, c. 23; Laws 1879, c. 66. Abbott's Law Dict. "Usury;" Tyler on Usury, 35. Was the taking of the $50 by Alley a taking by defendant of a rate of interest greater than 12 per cent.—the rate allowed by law, when the loan in this case was made? We think not. The $50 may be considered either as all bonus, or as in part bonus and in part compensation for Alley's services in and about the making of the loan. If it was all bonus,—that is to say, a gratuity without consideration,—the taking of it was wholly the act of Alley, done upon his own sole responsibility. The defendant in no way authorized it. He knew nothing of it until after the loan was consummated, and the money and papers had passed. He has never ratified or sanctioned it by receiving any part of it, or any benefit from it, either directly or indirectly, or otherwise. The fact that it was taken by his loan agent is of no significance. The taking of a bonus was not within the scope of the agency, and the defendant has done nothing to estop him from so insisting. In taking a bonus, Alley, then, was not defendant's agent; consequently the taking was not defendant's act. In other words, defendant, if the $50 was all bonus, has taken no bonus for the loan or forbearance of his money, and nothing except his lawful 12 per cent., and therefore has not been guilty of usury. *Condit* v. *Baldwin*, 21 N. Y. 219; *Estevez* v. *Purdy*, 66 N. Y. 446; *Rogers* v. *Buckingham*, 33 Conn. 81; *Gokey* v. *Knapp*, 44 Iowa, 32; *Brigham* v. *Myers*, 51 Iowa, 397; Tyler on Usury, c. 13, *passim*.

If, on the other hand, the $50 be considered as in part bonus and in part reasonable compensation for Alley's services in and about making the loan, (although the trial judge finds that there was no apportionment of any part of the $50 to one or the other,) then we have to inquire whether the taking of any part of the $50 as such reasonable compensation was usurious on the part of the defendant. We think it was not. Alley was authorized by defendant to take it for his services to him in and about the effecting of the loan, and for no other purpose, and on no other ground or consideration. As such reasonable compensation it was received, and not otherwise. The defendant, for the loan and forbearance of his money, was by the note and mortgage—and he got nothing else—to receive his lawful 12 per cent. and nothing more. So much of the $50, if any, as was

received as reasonable compensation for Alley's services, was no part of the interest secured to the defendant. None of it came to his hands, or enured to his benefit, for the loan or forbearance of the sum of $500 loaned to plaintiff. We are, of course, speaking of reasonable compensation only, and not of some unreasonable compensation which might be a mere cover for usury. The fact that Alley took the compensation for his services rendered to his principal, the defendant, for which the defendant would have been bound to pay, so that in that way the defendant received a benefit from the taking, in no way alters the result. The stubborn fact still stands that it was not taken for the loan or forbearance of the money. We are clear that it was not usurious. *Eaton* v. *Alger*, 2 Keyes, 41; *Thurston* v. *Cornell*, 38 N. Y. 281; *Beadle* v. *Munson*, 30 Conn. 175; *Smith* v. *Wolf*, 8 N. W. Rep. 429; Tyler on Usury, 132 *et seq.*

Whether, then, the $50 was received by Alley as a bonus, or partly as a bonus and partly as a reasonable compensation for his services in and about making the loan, we are of opinion that the taking of it was not usury upon the part of the defendant. We have examined the cases cited by plaintiff in support of the opposite view, but, so far as they are in point, they do not seem to us to be sound. The cases cited from 3, 5 and 8 Nebraska appear to have gone off upon an erroneous rule as to the responsibility of a principal for unauthorized acts of an agent, done without the principal's knowledge.

Judgment affirmed.