Lois A. Avery *vs.* Alfred J. Creigh and another.

July 17, 1886.

**Usury—Loan by Agent—Commission paid by Borrower.**—The plaintiff made the loan of money involved in this case through her general agent, who had full authority to act for her in the premises, and by agreement between them he was to receive no compensation from her for his services in loaning her money, but "was to make what he could out of it." The note by which the loan was evidenced was for $125, for one month. The agent deducted and retained from said sum of $125, a month's interest, at the rate of 10 per cent. per annum, viz., $1.04, and $6.46 commission. The plaintiff's funds were deposited in bank in the agent's name, at the place where he resided, and when he made a loan he simply drew checks on the bank for the money. There is no finding that the agent rendered any services in and about the loan to the borrower, (the defendant,) or any to his principal, for which he was entitled to make anything more than a mere nominal charge, or for which the commission of $6.46 would not be unreasonably large. *Held*, that the charge and deduction of the so-called *commission* were a mere cover for usury, and made the note and the transaction evidenced by it usurious in law.

**Same—Usurious Agreement to extend Payment of Valid Note.—** *Held, further*, with reference to a new trial, that if the note should be found not usurious originally, it would not be made so by subsequent extensions, though in consideration of the payment of usurious interest.

Action of replevin for household furniture, brought in the municipal court of Minneapolis, by the mortgagee against the mortgagor, after default. Defence, that the mortgage was given to secure a usurious loan. The action was tried by the court, and judgment ordered and entered for plaintiff, from which the defendant appeals.

*Robert G. Evans*, for appellant.

*Fred. Rogers*, for respondent.

Berry, J. Mrs. Avery, the plaintiff, made the loan of money involved in this case through her general agent, who had full authority to act for her in the premises; and, by agreement between them, he was to receive no compensation from her for his services in loaning her money, but "was to make what he could out of it." Hence whatever he did in exacting from a borrower any sum for his services to

his principal in and about the loan must be taken to have been authorized and sanctioned by her, and, in contemplation of law, to have been her personal act; and while, as held in *Acheson* v. *Chase*, 28 Minn. 211, (9 N. W. Rep. 734,) it would have been competent for her to have authorized him to exact from the borrower a reasonable compensation for his services to her in making the loan, if he went beyond this, and, with her sanction, exacted a sum in addition to the highest legal interest, and to such reasonable compensation, then the case would be one of usury; for there would have been a taking of a greater sum for the loan *or forbearance* than the legal rate of interest, because there would be nothing else on account of which such sum could be said to have been taken.

Now, in this case, the agent deducted and retained from the sum purporting on the face of the note to be loaned, viz., $125, a month's interest, at the rate of 10 per cent. per annum, viz., $1.04, and $6.46 as commission; and, so far as the finding of facts shows, this commission was mostly, if not altogether, a bonus or gratuity; for there is nothing to show that the agent performed any services whatever for the borrower, or any for his principal, for which any such compensation would not be unreasonably large. The plaintiff's money was deposited in bank in the agent's name, in Minneapolis, where the agent resided, and the finding is that when he made loans he simply "drew checks on the bank." There is no finding that the agent rendered any services to the borrower, or any to his principal, for which he was entitled to make anything more than a mere nominal charge. So far as the facts found show, the compensation charged as "commissions" was unreasonable, and, as said in *Acheson* v. *Chase*, "a mere cover for usury," and made the note, and the transaction evidenced by it, usurious in law.

The case differs from *Acheson* v. *Chase* in at least two material respects: *First*, in *this* case, the agent (a general one) was expressly authorized by his principal "to make what he could out of" loaning her money, so that his act was hers; while in *that* case, the agent was restricted to a *reasonable compensation* for his services, so that his principal was not chargeable with anything taken in excess of such compensation. *Second*, in *this* case, the act of the agent in

taking any sum beyond legal interest being the act of his principal, it is apparent upon the facts, as the record discloses them, that the amount so taken was in excess of any reasonable compensation for any services rendered by the agent to his principal; while in *Acheson* v. *Chase* there is not only nothing to show what the sum claimed to be taken as reasonable compensation was, (it might have been a moderate charge for postage and correspondence,) and therefore nothing to show that it was excessive; but, if it was excessive, it was beyond the authority of the agent in that case, and the principal was not responsible for it. The taking by the agent of a bonus or gratuity, or of an unreasonable compensation for his services, was not only not authorized or sanctioned by his principal, but not known to him.

With reference to a possible future trial, we remark that, if the note was not originally usurious, it would not be made so by the subsequent extensions, though they were granted in consideration of the payment of interest in excess of a lawful rate.

Judgment reversed, and a new trial directed.