FREDERICK S. LEWIS *vs.* JOHN WILLOUGHBY and others.

May 19, 1890.

| 43 | 307 |
| 44 | 122 |
| 44 | 222 |
| 43 | 307 |
| 45 | 451 |
| 43 | 307 |
| 48 | 72 |
| 43 | 307 |
| 58 | 140 |
| 43 | 307 |
| 64 | 164 |
| 43 | 307 |
| 85 | 245 |

Usury—Sufficiency of Evidence.—Evidence *held* sufficient to justify the jury in finding a mortgage usurious.

Same—Receipt of Bonus by Agent.—Where an agent, intrusted with entire management of his principal's business of making, negotiating, and collecting loans, exacts, for the benefit of the principal, a bonus in excess of legal interest, which is included in the amount of the securities, there being no evidence that it was done without the authority or consent of the principal, the act of the agent must be *held*, as a matter of law, to be the act of the principal.

Written Contract—Oral Proof of Fraud or Illegality.—Any matter, such as fraud or illegality, which, if proved, would affect the validity of a written contract, may be proved by oral evidence. The rule against varying or contradicting written instruments by oral evidence is inapplicable to such cases.

Action brought in the district court for Steele county, to recover damages for the taking and conversion of certain horses, cattle, and farm machines. Trial, before *Buckham*, J., and verdict of $5,015.80 for plaintiff. The defendants appeal from an order refusing a new trial.

*Carman N. Smith,* for appellants.

*Wheelock & Sperry,* for respondent.

MITCHELL, J.   In their answer the defendants justified the taking and conversion complained of under a chattel mortgage executed by plaintiff to defendant Willoughby, and alleged facts authorizing them, under the "insecurity" clause in the mortgage, to take the property before the maturity of the debt secured.   The plaintiff replied, denying the existence of any such facts, and alleging that the mortgage was usurious.   Aside from the measure of damages or value of the property, the only issues on the trial were, *first,* whether the mortgage was usurious; and, if not, *second,* whether facts existed justifying the mortgagee in taking the property before the maturity of the debt.

The court very properly instructed the jury that, if they found the first in the affirmative, they need go no further, but must find a verdict in favor of plaintiff for the full value of the property; but, if they found both in the negative, they should find in favor of plaintiff only for the excess of the value of the property over and above the amount due on the mortgage; and, if they found the first in the negative and the second in the affirmative, they must find for the defendants.   It is evident from the amount of the verdict, viewed in the light of the evidence, that the jury found the mortgage usurious, and hence never reached the second question.   We shall first consider the assignments of error affecting the question of usury.

1. One is that the verdict was not justified by the evidence.   On the question of usury, the only direct evidence was that of plaintiff and of Bates, the agent of defendant Willoughby, who transacted the business for him.   The two flatly contradicted each other.   Plaintiff swore positively that the amount of the mortgage, $7,025, was made up of $3,500, money loaned; $3,125, the agreed price of some cattle which Bates compelled him to buy of Willoughby as a condition of getting the loan; and $400 bonus over and above 10 per cent. interest, which the mortgage drew.   Bates, on the other hand, swore with equal positiveness that the agreed price of the cattle was $3,525, and that no bonus whatever was exacted.   So far as we can judge of it on paper, plaintiff's testimony seems the most circumstantial and.

consistent. There was very little corroborative circumstantial evidence on either side. Defendants' counsel lays much stress upon a written memorandum of the terms of the bargain executed by plaintiff and Bates before the mortgage was executed, in which the purchase price of the cattle is stated and set down in accordance with Bates's testimony. But, when we consider that, if the transaction was usurious, the most natural thing would be to attempt to conceal it under the guise of a part of the price of the cattle, the recitals incorporated into the writing are not very persuasive evidence. Counsel also relies on some evidence tending to show that the cattle were actually reasonably worth $3,525. But the evidence as to values was conflicting, and mere estimates or opinions; and the most of what defendants rely on consists of plaintiff's estimates of values when the property was taken, six months after the mortgage was executed. And, while it is true that proof of any great discrepancy between the actual value and the pretended purchase price of property is often the means of unearthing usury cloaked under the form of a sale, yet the actual value of the property has no such conclusive effect as counsel seems to assume. If these parties actually agreed on the price of the stock at $3,125, and then included $400 in the mortgage as unlawful interest, the transaction would be none the less usurious because the property was actually worth more than it was sold for. If this was other than a usury case, it would hardly occur to any one but that the evidence was ample to support the verdict. But, while the consequences of an adverse verdict may be more severe than in most other cases, the rule as to the weight of evidence is the same as in any civil action. *Lukens* v. *Hazlett*, 37 Minn. 441, (35 N. W. Rep. 265.) The jury who saw and heard the witnesses having given credit to the testimony of the plaintiff, and the judge who tried the case having seen no ground for setting aside the verdict, we are certainly not warranted, under the circumstances, in disturbing it.

2. Another assignment of error is the refusal of the court to instruct the jury, according to defendants' eleventh and twelfth requests, to the effect that, in order to charge the defendant Willoughby, plaintiff must have shown not only that his agent, Bates,

made a usurious contract, but that Willoughby authorized him to make it, or knowingly received some benefit from it. Assuming that this is correct as an abstract proposition of law, it was properly refused, for the reason that there was no evidence in the case to which it was applicable. In order to protect, as far as could be done on legal principles, honest and innocent lenders from suffering for the secret, unauthorized exactions of their agents, we have, in substance, held that when an agent merely intrusted with money to lend at legal interest exacts a "bonus" for himself as a condition of making the loan, without the knowledge or authority of the principal, who has neither ratified the act nor derived any benefit from it, the act of the agent would not constitute usury in the principal, or affect the securities in his hands. *Acheson* v. *Chase*, 28 Minn. 211, (9 N. W. Rep. 734;) *Jordan* v. *Humphrey*, 31 Minn. 495, (18 N. W. Rep. 450;) *Strait* v. *Frary*, 33 Minn. 194, (22 N. W. Rep. 295;) *Mackey* v. *Winkler*, 35 Minn. 513, (29 N. W. Rep. 337.) This is farther than many courts have gone, and as far as we can go without opening a door through which any one can evade the law merely by transacting his business through an agent. See *Avery* v. *Creigh*, 35 Minn. 456, (29 N. W. Rep. 154.) In the present case, it appears Bates was the general agent of Willoughby, intrusted, apparently, with the entire management of making, negotiating, and collecting loans. The bonus, if one was exacted, was for the benefit of the principal, and included in his securities which he subsequently enforced. Willoughby did not testify on the trial, and there is not a particle of evidence that the bonus was exacted without his knowledge or consent. The presumption in such a case ought to be that what the agent assumed to do for his principal was done by his authority; and, if any facts exist which would relieve him from responsibility for the unlawful exactions of his agent, he ought to prove them. Upon the evidence in this case, the act of Bates must be held, as a matter of law, as the act of Willoughby.

3. The tenth request, to instruct the jury as to the weight to be given to the written contract, was properly refused, for two reasons: *First*, it was inapplicable and misleading in a case where the very subject of inquiry was whether the contract was invalid because of

an illegal consideration entering into it; and, *second*, because it assumed that the evidence in support of and against the hypothesis that the writing correctly stated the real terms and conditions of the agreement was of equal weight and credibility.

4. The objection to oral evidence to show that the sum of $3,525 was not the actual price for the cattle, but included $400 bonus, was not well founded. The rule against varying or contradicting a written contract by oral evidence has no application to such a case. Fraud, illegality, or any other matter which, if proved, would affect the validity of a writing, may always be proved by oral evidence.

This covers all assignments of error bearing upon the issue of usury which are entitled to any special consideration. Those relating to the value of the property are entirely without merit. They relate only to the competency of the witnesses Briggs and Sloan, both of whom were shown to have sufficient knowledge of values of such property to justify the court in admitting their testimony. The rules which should govern us in reviewing the action of the trial court in passing upon the competency of a proposed expert witness are stated in *Stevens* v. *City of Minneapolis,* 42 Minn. 136, (43 N. W. Rep. 842.)

We have not discussed the assignments of error affecting merely the issue as to whether, if the mortgage had been valid, the defendant would have been justified in taking it before the maturity of the debt, because we deem them immaterial, the jury never having reached that question. We may remark, however, that we have examined them, and find no error in any of the rulings of the court complained of.

Order affirmed.

NOTE. A motion for reargument of this case was denied June 10, 1890.