JOHN KEMMITT *vs.* W. H. ADAMSON.

July 18, 1890.

Usury—Note held Void.—Where a note was made for the payment of $17, with interest at 10 per cent. per annum, but was in fact given for a loan of $15 only, the extra $2 being charged and allowed as additional interest upon the sum actually loaned, the note was *held* usurious and void.

Same—Loan Made by Agent.—The contract itself being essentially usurious, it was also *held* immaterial that the loan was made by an agent of the payee, who held in his hands moneys of the latter, with general authority to make loans.

Same—Usurious Chattel Mortgage — Seizure by Mortgagee—Exemplary Damages.—Where a mortgage of chattels left in the possession of the mortgagor is void for usury or fraud, a seizure of the mortgaged property by the mortgagee, against the consent of the mortgagor, is wrongful, and an action will lie for the trespass; and if the mortgagee wrongfully enters upon the premises of the mortgagor, and takes and carries away the mortgaged property, exemplary damages may be allowed by the jury, depending upon the circumstances of aggravation or oppression, and the nature of the injury.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren*, J., presiding, refusing a new trial after verdict of $140 for plaintiff.

*Merrick & Merrick*, for appellant.

*Thomas Canty*, for respondent.

VANDERBURGH, J.  1. There is a very great conflict in the evidence of the parties, but the questions of difference between them must be deemed to have been settled by the verdict of the jury.  If the jury believed the testimony of the plaintiff, as we may assume they did, there is evidence sufficient to support the charge of usury.  He gave his note, secured by chattel mortgage, payable 30 days after date, for $17, with interest at 10 per cent., and received but $15, which was the amount he applied for; and plaintiff testifies that defendant informed him "that he would charge him two dollars a month for the fifteen dollars, and he would let it run."  The defendant, on the other hand, swears that he notified the plaintiff that the extra two dollars was a charge made for his expenses in looking up the property and preparing the papers.  This is denied by the plaintiff.  Here there is sufficient to support a finding by the jury that the contract was usurious; and, if the contract itself is essentially usurious, it matters not whether the money loaned belonged to Charles E. Adamson, to whom the note was made payable, or to the defendant who transacted the business in the course of his employment. *Lewis* v. *Willoughby*, 43 Minn. 307, (45 N. W. Rep. 439.)

2. Plaintiff's testimony also tended to prove that there was fraudulently included in the mortgage personal property (household furniture) that he never intended to mortgage, and that was not mentioned between the parties; that he could not read writing; that he executed it by making his mark, without reading it, and relying on the good faith of the defendant; and that he was deceived and misled by the defendant as to the contents of the mortgage.  Upon this question the case made by the plaintiff does not appear to us to have been very strong; but we are of the opinion that, as between these parties, there was evidence sufficient to authorize the court to submit the question of fraud to the jury.  *Mackey* v. *Peterson*, 29 Minn. 298, (13 N. W. Rep. 132.)  If the plaintiff's testimony is to be credited, his proposition was to mortgage the sewing-machine only.  That was the property examined by defendant's agent, and the property on which he consented to take security.  No reference had been made to any other property, and the mortgage was prepared and signed in pursuance of such understanding of the parties,

and plaintiff had no notice that the defendant desired other security, or that other property was to be included; and afterwards, but not. till the goods were seized by defendant upon the mortgage, did he discover that all his household goods had been included in the description therein by the defendant, who drew up the writing for him to sign. The jury were to judge, from the circumstances of the execution of the mortgage, the previous negotiations, and the acts of the parties, whether the defendant was guilty of fraud in the preparation of the mortgage, and in securing its execution, and whether plaintiff was misled and imposed upon by him.

3. The evidence in plaintiff's behalf also tends to show that, upon his failure to make payment when the note became due, the defendant's agents, acting by his authority, unlawfully entered plaintiff's. house while he and the members of his family were absent, and stripped it of his furniture and household goods, being the property in question here, which they carried away, and the same were afterwards appropriated or disposed of by defendant. The defendant admits the taking of the goods, but justifies under the mortgage, and offered evidence tending to show that plaintiff notified him that. he was unable to pay and defendant might take the goods, and where he would find the key in his absence; and that his men went there, and found the key under the door-step, as directed, and accordingly entered and took possession of the mortgaged property. The plaintiff denies that he authorized the entry or informed defendant where he might find the key, and insists that he only consented to his taking the sewing-machine, which he says he notified plaintiff he might. take, and that he would find it outside, in the shed. The testimony of the parties on this as well as the other branches of the case is irreconcilable. It was for the jury to say which version is the true one.

4. We discover no errors in the instructions of the court as given; and the record does not show which, if any, of the instructions asked by the defendant were refused. If the mortgage was usurious, or was void for fraud, as it would be if any part of the description therein was fraudulently inserted, it could not be enforced, and a seizure of the plaintiff's property thereunder, without his consent, would

be unlawful; and if, in addition, the defendant made an unlawful entry into plaintiff's house, and took and carried away the goods in question without his knowledge or permission, that would be a trespass for which damages in addition to the value of the property taken might be recoverable, and the case would fall within the class in which exemplary damages may be allowed by the jury, depending upon the circumstances of aggravation or oppression, the nature of the injury, etc.

We do not think the verdict unsupported by evidence, and we find no ground for reversing the order of the judge who tried the case and heard the evidence, in refusing a new trial.

Order affirmed.