## HELEN T. HAWKINS *vs.* TOBIAS O. SAUBY.

Argued Dec. 24, 1891.   Decided Jan. 18, 1892.

| 48 | 69 |
|----|----|
| 50 | 4 |
| 48 | 69 |
| 55 | 416 |
| 48 | 69 |
| 75 | 74 |
| 48 | 69 |
| 80 | 423 |
| 48 | 69 |
| 82 | 301 |

**Witness Discredited without Direct Contradiction.**—Although there is no direct evidence contradicting the testimony of a witness, yet a jury is not bound to accept it as true if it contains improbabilities and contradictions, which alone, or in connection with other circumstances in evidence, furnish reasonable grounds for concluding that it is false.

**Usury Exacted by Agent.**—Evidence *held* sufficient to justify the jury in finding that the agent exacted usurious interest by the authority or with the knowledge and consent of his principal.

Appeal by plaintiff from an order of the district court of Grant county, *C. L. Brown, J.*, made August 27, 1891, denying her motion for a new trial.

Action to obtain possession of 4 horses, 10 cows, and other chattels detained by Tobias O. Sauby, value, $1,000. The answer denied that plaintiff owned or was entitled to the possession of the property or any of it. The issues were tried May 26, 1891, before a jury. Plaintiff made title under a chattel mortgage given by Sauby at Ashby, Minn., December 24, 1889, to B. C. Russell, of Keene, N. H., to secure the payment of Sauby's note, due in one year thereafter, for $500, and 10 per cent. interest, and reasonable attorneys' fees, if collected by suit.

Alfred Colony was the general agent of Russell to loan money in that vicinity, and loaned to Sauby this $500, but withheld about $50 of it as a bonus. He testified that as such agent he sold and transferred the note and mortgage October 4, 1890, by Russell's direction, to plaintiff; that she was his aunt, living near him in Ashby; that what he got was her note for $500, due on demand, and that she paid it March 9, 1891.

Plaintiff's second request was this:

"*Second.* If Russell authorized his agent, Colony, to loan for legal interest only, and Colony, without the knowledge or consent of the principal, took from the defendant, Sauby, usurious interest for his own benefit, and Russell has not ratified the act, usury will not affect

Russell or the right of the plaintiff to recover in this case; and, if you find such to be the fact, your verdict must be for plaintiff."

Plaintiff's third request was this:

"*Third.* Russell's authority to Colony to loan money in question for him did not give Colony authority to charge an unlawful rate of interest, and if Colony did charge Sauby an unlawful rate of interest, and Russell knew nothing, or had no notice, of such unlawful charge, Russell is not liable for such unlawful act of his agent, and you must find for the plaintiff on that issue."

*J. W. Reynolds,* for appellant.

The presumption of law is that what the general agent assumes to do for his principal is done by his authority, but when an agent, merely intrusted with money to lend at legal interest, exacts a bonus for himself, without the knowledge or authority of the principal, who has neither ratified the act nor derived any benefit from it, the act of the agent will not constitute usury in the principal, or affect the securities in his hands. It cannot be contended that there is a word or suggestion in the entire testimony in any way connecting Russell with the usurious transaction of his agent. On the other hand, the testimony of all concerned is positive, uncontradicted, and conclusive that the principal had no notice or knowledge of the usury, and never participated in or ratified the same in any way. The presumption of the principal's knowledge is a disputable presumption, and may be conclusively rebutted. *Lewis* v. *Willoughby,* 43 Minn. 307; *Stein* v. *Swensen,* 44 Minn. 218; *Hass* v. *Camp,* 40 Minn. 329; *Acheson* v. *Chase,* 28 Minn. 211; *Lukens* v. *Hazlett,* 37 Minn. 441.

*E. J. Scofield* and *C. J. Gunderson,* for respondent.

The law presumes that Russell knew the general manner in which Colony transacted his business, and the act of Colony in making said loan may be presumed as a matter of fact to have been authorized by Russell. *Adamson* v. *Wiggins,* 45 Minn. 448; *Rogers* v. *Buckingham,* 33 Conn. 81; *Stein* v. *Swensen,* 46 Minn. 360.

The rule is well settled that the jury may find against uncontradicted evidence upon a material point. *Bee Printing Co.* v. *Hichborn,* 4 Allen, 63; *Schwartz* v. *Germania Life Ins. Co.,* 21 Minn. 215; *Klason* v. *Rieger,* 22 Minn. 59.

The only cases wherein the courts hold that a jury is bound by the uncontradicted testimony of witnesses, and to accept the same as true, is where such uncontradicted testimony is given by witnesses with apparent candor and truthfulness, and unopposed by circumstances impairing its credibility. *Daly* v. *Chicago, M. & St. P. Ry. Co.*, 43 Minn. 319; *Cantlon* v. *Eastern Ry. Co.*, 45 Minn. 481.

MITCHELL, J. This action was brought to recover possession of certain personal property under a chattel mortgage executed by defendant to one Russell, and by him assigned to plaintiff. The defense was that the note secured by the mortgage was usurious. It was admitted that the note in question was given for money loaned by Russell through his agent, one Colony. Russell was a resident of New Hampshire, and Colony of Ashby, in this state. The undisputed evidence was that Colony was, and for two or three years had been, the general agent of Russell to lend money in this state, with full power to renew, collect, and reinvest without consultation with or special instructions from his principal; and that in making the loan in question he exacted from defendant a "bonus" of (without being exact) $50, lending him in fact only $450, and taking from him a note for $500, bearing interest at 10 per cent. per annum. As these facts were undisputed, defendant's assignments of error in the admission of evidence are immaterial.

The case was tried and submitted to the jury upon the theory of the law that the act of Colony in exacting the bonus would not affect the validity of the securities in the hands of Russell or his assignee, unless he authorized, consented to, or ratified it. Of this the defendant had no ground for complaint. Upon the trial Colony and Russell testified that the bonus was not taken with Russell's knowledge or consent; that Russell never authorized Colony to lend money for any greater rate than 10 per cent.; and that Colony exacted the bonus entirely for his own benefit. There was no positive or direct testimony contradicting them, and the principal question in the case is whether the evidence justified the jury in finding that the note was usurious. The fact being established that Colony was Russell's general agent in such transactions, the presumption was that the exaction of the bonus was by his authority or with his consent, and

the burden was on the plaintiff to prove that it was not.   *Lewis* v.
*Willoughby*, 43 Minn. 307, (45 N. W. Rep. 439;) *Stein* v. *Swensen*,
44 Minn. 218, (46 N. W. Rep. 360;) *Stein* v. *Swensen*, 46 Minn. 360,
(49 N. W. Rep. 55.)   Where the positive testimony of witnesses is
uncontradicted and unimpeached either by other positive testimony
or by circumstantial evidence, either extrinsic or intrinsic, of its fal-
sity, a jury, of course, has no right to disregard it.   But, although
there be no direct evidence contradicting the testimony of witnesses,
the jury are not bound to accept it as true where it contains inherent
improbabilities or contradictions which, alone or in connection with
other circumstances in evidence, furnish a reasonable ground for
concluding that the testimony is not true.   *Schwartz* v. *Germania
Life Ins. Co.*, 21 Minn. 215; *Klason* v. *Rieger*, 22 Minn. 59.   An ex-
amination of the entire record satisfies us that such was the condi-
tion of the evidence in this case.   In the first place, both Russell and
Colony were interested witnesses.   In the next place, their explana-
tion of the object of transferring the note and mortgage to plaintiff
is exceedingly unsatisfactory.   The reason assigned is that Russell
wanted money, "wanted it bad," and immediately, and yet Colony
transferred this secured note to plaintiff, (his aunt,) and took for it
her unsecured demand note, payment of which was never demanded,
and evidently was not expected, until Colony, as her agent, collected
the money on the very securities assigned.   The transfer has the ap-
pearance of being merely colorable, and of having been suggested by
a consciousness that there was some inherent vice in the note.   Again,
Russell testifies that he wrote to Colony directing him to assign the
notes to plaintiff (whom he barely knew) according to an offer she
had made him; while she testifies that she never made Russell any
offer, or had any communication with him, the business being trans-
acted with Colony.   Again, Colony testifies that when he made the
loan to defendant he reported it to Russell as a loan of $450, (in round
numbers,) while, if the bonus had been exacted for his own benefit,
the thing he would naturally have done would have been to report
the loan as $500, (the amount of the note,) and take his bonus in
cash.   Further, while, according to Colony, the note included $50
"bonus" taken for his own benefit, yet he paid the entire avails to

Russell, who accepted it, notwithstanding that the loan had, according to Colony's testimony, been reported to him as only $450. The evidence justified the verdict. The fifth assignment of error is based entirely upon an error in the paper book. Plaintiff's second and third requests were good law, but they were fully covered by the general charge, and consequently the refusal to give them was not error.

Order affirmed.

(Opinion published 50 N. W. Rep. 1015.)