CHARLES D. BRAINARD, Administrator, v. C. W. PROUTY and Others.[1]

November 27, 1896.

Nos. 10,138—(106).

Usury—Evidence.

> *Held* that, upon the facts, the trial court did not err in finding that the note in suit was not usurious.

Appeal by defendants from an order of the municipal court of city of Minneapolis, Holt, J., denying a motion for a new trial. Affirmed.

*Geo. E. Young,* for appellants.

*Gilfillan, Willard & Willard,* for respondent.

MITCHELL, J. This action was brought by plaintiff, as administrator with the will annexed of one Fuller, on a promissory note executed by the defendants to the testator, Fuller. As between the defendants themselves, Baxter Brothers were sureties for Prouty. The defense was usury, and the only question on this appeal is whether the evidence justified a finding that the note was not usurious, or, otherwise stated, whether the evidence was such as to require a finding that it was usurious.

The evidence tends to prove the following state of facts: One Porter was a broker in Minneapolis. He had for several years in his hands, for investment, moneys of Fuller, who was a resident of the state of Vermont. These moneys he usually loaned out on long-time loans, after consulting with Fuller. In the latter part of 1894, or early in 1895, he received instructions from Fuller not to make any more long-time loans, but, if any money was paid in, to make short-time loans. In March, 1895, Prouty applied to Fuller to make him a loan, or to secure him a loan, for $200, for four months, to be secured by a note executed by himself and Baxter Brothers. Porter told him to come in in a day or two, and he would see what he could do for him. When he returned, Porter agreed to let him have the money, but said that he would charge him $5 commission. Thereupon Prouty gave him the note in suit, for $200, with 10 per cent. interest, payable to the order of Fuller; and Porter gave him $195, and no more. This

[1] Reported in 69 N. W. 3.

loan was made without consulting Fuller. The $5 was retained by Porter for his own benefit, and without the knowledge or consent of Fuller. Fuller never received any benefit from it, but, on the contrary, Porter charged him with $200, as the amount loaned.

Upon this state of the evidence, we cannot say that the court erred in finding that the note was not usurious. It is of the essence of usury that there be a corrupt intent to take or reserve a greater compensation for the future use of money than is allowed by law; and the existence or nonexistence of this intent is largely a question of fact, in the determination of which a certain latitude is allowed to the trial court in weighing the evidence. The facts bring this case more nearly within the rule of cases like Acheson v. Chase, 28 Minn. 211, 9 N. W. 734, than that of cases like Hall v. Maudlin, 58 Minn. 137, 59 N. W. 985, and Horkan v. Nesbitt, 58 Minn. 487, 60 N. W. 132. There is nothing in the case that would incline a court to strain a point in favor of the defendants, so as to hold Fuller chargeable with usury because of the act of his agent in exacting this small sum as a commission, especially as Fuller's lips are now closed.

Order affirmed.