ANNA M. T. BLAKEMAN *et al.*, *as Executors, etc.*, v.
WILLIAM BUSBY, *as Assignee, etc.*

No. 11,484. ( 60 Pac. 1064.)

1. USURY—*Defense by Assignee for Benefit of Creditors.* Where
an assignment is made for the benefit of creditors and an obliga-
tion of the debtor which is illegal by reason of usury is presented
against the estate, the assignee may set up the defense of usury
and resist the payment of such illegal claim.

2. ———— *Tender Unnecessary.* Where a creditor undertakes to
enforce an usurious and illegal contract, the defense of usury is
available without paying or tendering the amount of the debt.

Error from Labette district court; A. H. SKIDMORE,
judge. Opinion filed May 5, 1900. Affirmed.

*T. N. Sedgwick*, for plaintiffs in error.
*Kimball & Osgood*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was a proceeding brought by
Birdseye Blakeman to establish a claim against the
estate of Angell Matthewson & Co. Before the insolv-
ency and assignment of that partnership, which oc-
curred in June, 1893, it had offices in Parsons, Kan.,
and in the city of New York, and William M. Taylor,
a member of the firm, was in charge of the New York
office. The firm owned a hotel in Parsons on which
there was a mortgage liability, and an instalment of
the debt became due on March 1, 1892. Not being in
funds with which to meet the maturing obligation,
Taylor requested Blakeman to advance $5000 for that
purpose, which he agreed to and did do, on the terms
set forth in the following writing:

"*B. Blakeman, Esq.*, DEAR SIR: In consideration of
your taking up and carrying the $5000, 2d mtge.

hotel bonds which fell due Mch. 1st inst., we agree to pay you interest on the amt. at 7 per cent. per annum, semiannually and take up the bonds by March 1st next.                     ANGELL MATTHEWSON & Co."
"N. Y., Mch. 2d, 1892."

Taylor, who attended to the business for the firm, and Blakeman were both residents of the city and state of New York at the time, and the entire transaction took place in New York.   Relying on the terms stated in the writing, and the promise made for the firm by Taylor, Blakeman advanced the sum of $5000, and no part of it has been paid except $350, which was intended as a payment of one year's interest. Some time after the assignment, Blakeman presented a claim for the amount due to the assignee, who rejected it on the ground that the contract was usurious and illegal.   An appeal was taken to the district court, and, Blakeman having died testate, the executors of his last will continued the litigation, which resulted in favor of the assignee, and of which complaint is made.

The claim, as has been seen, is based on a written contract, dated in New York.   The entire transaction occurred there, between residents of that state, and, no other place of payment being named, the necessary presumption is that it was to be performed in New York.   It must, therefore, be treated as a New York contract, and the law of that state at the time the contract was made fixed the rate of interest which might be charged on such loans at six per cent., and, in substance, provided that a contract whereby a greater rate was promised, reserved or taken was void, and that whenever it satisfactorily appeared by admission of the defendant, or by proof, that any contract, security or evidence of debt had been given or received in violation of the provisions with reference

to usury, the court should declare the same to be void, and enjoin any prosecution thereof, and also order the same to be surrendered and canceled.   (Laws 1879, ch. 538, § 1; Rev. Stat. 1858, tit. 3, ch. 4, §§ 5, 14.) Under these provisions the contract was usurious and illegal against the firm, and the question we have is whether the assignee could take advantage of such defense.

The plaintiffs contend that the plea of usury is personal to the debtor, which he may make or waive, and is never available to his assignee, and to sustain the contention they cite *Pritchett v. Mitchell*, 17 Kan. 355.   It was there held that if a debtor decline to avail himself of the defense of usury, no stranger to the transaction can, and therefore that a second mortgagee could not plead usury in a prior mortgage either to defeat or postpone the lien.   There the privilege still remained with the debtor, and the view taken was, that if he was willing to abide by the contract an outside party should not be permitted to interfere. That cannot be regarded as an authority here, because the assignee is not a stranger to the transaction. When an assignment is made, the assignee is in effect made a representative of the assignor and of all the creditors who have filed claims against the estate. He takes the property in trust, to manage, dispose of and distribute as the law directs, and no duty is more imperative than to protect the estate by resisting the payment of all unjust and illegal claims.   In *Jenkins v. Chapin*, 50 Kan. 385, 31 Pac. 1084, it was ruled that the assignee could dispute the justice and validity of claims presented against the estate, and he was permitted to resist and avoid a fraudulent chattel-mortgage claim made against the assigned property.   If he may defend against a fraudulent claim, it would

seem to be equally his duty and province to resist a claim which the law declares to be absolutely illegal and void. The debtor could have defended against it, and the assignee, who in part represents him, may also do so; and those having legal claims have a right to expect that the assignee, in the conservation of the estate, will resist all illegal claims.

Some New York cases are cited as being in opposition to this view, but it will be observed that where the defense was not allowed it was because the assignment made the usurious debt a preferred claim or especially provided for its payment in such way as to show an intention by the assignor to waive the defense. (*Morse v. Crofoot*, 4 N. Y. 114; *Billington v. Wagoner et al.*, 33 N. Y. 31; *Pratt v. Adams*, 7 Paige, 639.) These cases are not authority that a representative or trustee may not interpose the defense of usury in cases like the one before us. In one case cited in opposition (*Merchants' Ex. N. Bank v. Com. W'house Co.*, 49 N. Y. 635), it was expressly held that an assignee might set up the defense of usury, and further:

"All privies to the borrower, whether in the blood, reputation or estate, may, both in law and equity, by the appropriate legal and equitable remedies and defenses, attack or defend against a contract or security given by the borrower which is tainted with usury, on the ground of such usury, where such contract or security affects the estate derived by them from the borrower."

In *Beach v. Bank*, 3 Wend. (N. Y.) 584, the court used this language with respect to the duties of trustees in a deed of assignment:

"As trustees, they are to pay other creditors, and ought not to pay any illegal demands; perhaps they would not be bound to set up this defense, but there

can be no doubt they are not bound by their obligation as trustees to pay notes which have no legal efficacy, and are perfectly justified in availing themselves of such a defense, as if they were individually interested."

In *Stein v. Swensen*, 44 Minn. 218, 46 N. W. 360, it was held :

"An insolvent debtor having made a general assignment of all his property for the benefit of creditors, the assignee may assert the invalidity, by reason of usury, of mortgages upon the assigned property given by the assignor prior to the assignment." (See, also, *Pope v. Solomons, Williams & Co. and Watkins*, 36 Ga. 541 ; 27 A. & E. Encycl. of L., 1st ed., 955, and cases cited.)

The contention that the defense cannot be interposed without returning the money borrowed, with legal interest thereon, is without support.  Some cases are referred to wherein it was held that a proceeding in equity could not be maintained to cancel usurious securities or for other affirmative relief until the actual debt was paid, but such actions are unlike the present one.  Whatever may be the rule with respect to such proceedings in equity, there is an unquestioned right in the borrower and in the assignee to set up the defense of usury without paying or tendering the amount of the debt, wherever the creditor has undertaken to enforce his usurious contract.

The judgment will be affirmed.