**CLYDE STOUTAMIRE v. NORTH FLORIDA LOAN ASSOCIATION, INC., a corporation, etc.**

11 So. (2nd) 570      January Term, 1943
January 26, 1943      En Banc
Rehearing Denied February 19, 1943

*J. H. Harrell,* for appellant.

*Clyde W. Atkinson,* for appellee.

THOMAS, J.:

North Florida Loan Association, appellee, instituted its suit to foreclose certain "retain title" contracts executed by it and appellant providing for the sale of personal property by the former to the latter and the payment of the purchase price in installments. Under the contracts title was to "remain vested in the" Association "until all conditions of this agreement [were] fully . . . performed . . . ." The appellee alleged default on the part of the appellant in meeting the instalments and prayed that the instruments be foreclosed.

The defendant denied the indebtedness and charged that the transaction was infected with usury.

There were two of the contracts but for the purpose of this litigation it is only necessary to describe one of them because, in essential characteristics, they were the same. The amount of the loan was $110, disbursed by the lender as follows: $75 to the borrower, $30 to Clyde W. Atkinson, an attorney, and $1.50 to the State Motor Vehicle Department. Ten cents was spent for stamps and the interest charged was approximately $3.40.

It was testified by the secretary of the corporation that the attorney held no stock or office in it. His connection with the company and with this transaction may be learned from an examination of his own testimony.

He held a power of attorney from the corporation and the contracts involved were signed in its name by him as "It's Attorney in Fact." He testified that the corporation had no office, but that "We keep the books for the North Florida Loan Association in my office." He further stated that the borrower came to him about securing the loan and that they

discussed the matter "at some length," the former explaining to him the use which he intended to make of the money. Eventually, the loan was approved, apparently by Atkinson, and he thereupon drew the papers necessary to effectuate it.

So, from the plaintiff's evidence it was established that the lender's profit was $3.40 as compared with $30 paid the attorney; that the money, including the fee, was disbursed by the lender; that the attorney was one "in fact" as well as "at law."

This attorney, who represented the appellee in the chancery court and appears in its behalf in this appeal, has argued to us the principle that the costs incidental to a loan may be borne by the borrower without rendering the transaction usurious and that in the instant case the sum of $30 paid to him was a legitimate charge which the borrower should sustain without anywise affecting the transaction between appellant and appellee.

A cursory examination of the record might lead to this conclusion, but scrutiny of it leads to a different one because of the dual capacity of the attorney. He should not be encouraged in assuming the role of attorney at law for the purpose of collecting a fee from the borrower, having theretofore occupied the position of lender's attorney in fact. Obviously, at the inception of the transaction the borrower sought a loan from him as attorney in fact for the North Florida Loan Association. It is plain that it was he who, after discussing the details of the transaction with the prospective borrower, passed upon the advisability of lending the money. He went further and executed the agreement for the corporation. In that situation his master was the corporation.

In the transaction his status as an attorney in fact was definitely fixed and in that capacity he dealt with the appellant. He could not then adopt the position of attorney at law for the purpose of receiving compensation as a legitimate item in the expenses of the loan. For practical purposes, in making the loan he was the lender. Hall v. Maudlin, 58 Minn. 137, 59 N.W. 985. The record shows that he controlled the actions of the lender with reference to the loan and that his

identity could not "be divorced from the identity of the lender." Pushee v. Johnson, 123 Fla. 305, 313, 166 So. 847.

The statute provides that "It shall be usury and unlawful for any person, or for any agent, officer or other representative of any person" to charge "a rate of interest greater than ten per cent per annum . . . directly or indirectly . . , by any contract, contrivance or device whatever . . . ." Section 6938, C.G.L., 1927, now Section 687.03, Florida Statutes, 1941.

This court has said that "The agent cannot, under our statute, be the employed agent of the lender and at the same time make a profit for himself by exacting a bonus or commission from the borrower, if the commission, together with the interest, exceeds the legal limit and amounts to usury. Our statute reaches the acts of the lender's agent as well as those of the lender himself." Richter Jewelry Co. v. Schweinert, 125 Fla. 199, 169 So. 750, 757.

If procedure, such as was followed in this transaction, were approved by the court the way would be opened for a practical nullification of the provisions of the statute denouncing usury. A person could be at once an attorney at law and an attoney in fact, in the former capacity charging the borrower with a fee and, in the latter capacity, receiving lesser compensation from the lender. A part of his remuneration could therefore be retained by the lender in addition to the maximum legitimate return on the loan and the law against usury circumvented. This thought is suggested from reading the opinion in Richter Jewelry Co. v. Schweinert, supra.

It is with some reluctance that we disturb the decree of the chancellor but from the history of the transaction, given by plaintiff's witnesses themselves, we cannot avoid the conclusion that there was a violation of the quoted statute and that a decree should have been entered enforcing its penalty.

It is, therefore, ordered that the decree be reversed with directions to enter one dismissing the bill of complaint.

BUFORD, C. J., BROWN and CHAPMAN, JJ., concur.

TERRELL and ADAMS, JJ., dissent.

SEBRING, J., not participating.