48 So.2d 168 (1950)
NELSON et al.
v.
SCARRITT MOTORS, Inc., et al.
Supreme Court of Florida, Special Division A.
October 20, 1950.
Lindsey & Cargell, St. Petersburg Beach, for appellants.
Bussey, Mann, Simmons & Harrison, St. Petersburg, for appellee Scarritt Motors, Inc.
Lovelace & Earle, St. Petersburg, for appellee Associates Discount Corp.
TERRELL, Justice.
The point in this case is whether or not to retain title contract for the purchase of a used automobile with an option to purchase for cash or on the deferred payment plan and the latter is accepted by the purchaser, is the contract subject to the law condemning usury, Sections 687.02, 687.03 and 687.07, F.S.A., when the difference between the cash price and the deferred payment plan as defined in the contract is in excess of an amount equivalent to the legal rate of interest permitted by the laws of Florida.
It appears that such contracts have provoked considerable litigation over the country and while there may be said to be a division of authority on the point, Florida appears to have allied itself with the weight of authority in holding such contracts not amenable to the charge of usury. Davidson v. Davis, 59 Fla. 476, 52 So. 139; Rose v. Wheeler, 140 Cal. App. 217, 35 P.2d 220; General Motors Acceptance Corporation v. Taylor, 173 Ark. 1180, 294 S.W. 386; Commercial Credit Co. v. Parks, 215 Ala. 648, 112 So. 237; Black et al. v. Contract Purchase Corporation, 327 Mich. 636, 42 N.W.2d 768. The Florida case of Davidson v. *169 Davis was concerned with a contract for the purchase of land but it was not materially different from that involved here.
In view of these holdings and the fact that thousands of such contracts are now outstanding on the strength of them it is our view that the judgment appealed from must be and is hereby affirmed. It is not amiss to point out that our usury statutes have generally been construed as if directed to contracts for the loan of money and not to such contracts as are involved in this case.
The present case is distinguishable from Stoutamire v. North Florida Loan Association, Inc., reported in 152 Fla. 321, 11 So.2d 570, because of a difference in essential facts. In the cited case the appellant had actually secured a loan from the appellee and had not purchased any property from it. Retain title contracts were used to evidence the loan and foreclosure was employed to realize on them.
Affirmed.
ADAMS, C.J., and CHAPMAN and THOMAS, JJ., concur.