74 So.2d 789 (1954)
Sam MINDLIN, Philip Yasser, and Peoples Mortgage Corporation, a corporation of Florida, Appellants,
v.
Randolph DAVIS and Blossom Davis, his wife, Appellees.
Supreme Court of Florida. Special Division B.
September 28, 1954.
*790 Harold Tannen, Miami, for appellants.
Henry G. Simmonite, Miami, for appellees.
PATTERSON, Associate Justice.
This is an appeal by the mortgagees, defendants below, from a decree of the Circuit Court of Dade County declaring the mortgagees' note and mortgage usurious and imposing the forfeitures provided in Sec. 687.04, Florida Statutes, F.S.A.
The facts from which this litigation arose are set out in extensive findings by the master which are sufficiently supported by the evidence. The Peoples Mortgage Corporation, mortgage brokers, persuaded the mortgagors, plaintiffs below, to apply through them for a ten per cent mortgage loan in the principal amount of $3,300 for the purpose of consolidating their various obligations including an existing five per cent first mortgage on their home in favor of Chase Federal Savings and Loan Association, *791 which is referred to as the Chase mortgage. Before the loan applied for was closed, Peoples Mortgage Corporation had sold the mortgage to appellants and informed appellees that the loan would be closed directly with appellants as mortgagees. Appellees' loan application to Peoples Mortgage Corporation provided that the applied for mortgage should be a first mortgage, for the placing of which appellees agreed to pay Peoples Mortgage Corporation a commission of $263.40, such commission expressly to include "all costs incidental to the closing of the transaction." Implicit in the terms of the application and the negotiations for the new mortgage was the agreement that the Chase mortgage should be discharged out of the proceeds of the new mortgage.
The mortgage application was signed December 3rd. The note and mortgage were dated December 9th but for reasons not entirely clear in the evidence, closing of the loan was not accomplished until December 15th. Closing statement indicated that the proceeds of the loan were applied $263.40 to expenses of the loan, $1,488.02 to pay in full the Chase mortgage, and $1,548.58 in cash to appellees. To close the loan appellants furnished their attorney sufficient funds to pay the expense item and to make the cash disbursement to appellees, but retained the amount of $1,488.02 to be applied in payment and discharge of the Chase mortgage. At the closing, appellant's attorney made the cash disbursement to appellees and paid out the $263.40 as expenses of the loan, including $185 to Peoples Mortgage Corporation as brokerage, and $50 to himself as attorney fee for attending closing and examining abstract. The payment of the Chase mortgage was not handled by appellants' attorney in closing the loan, but instead appellants merely continued the monthly installments on that mortgage in the name of the appellees until, after having made eight such payments, the remaining balance was paid and mortgage satisfied on August 6, 1953, after the commencement of this suit. It is not disputed that the appellants intended, contrary to the implicit requirement of the mortgage contract, and without the knowledge of the appellees, to pay off the Chase mortgage by installments rather than immediate payment in full, standing ready, so it is claimed, to make full payment at any time if demanded by either party to that mortgage.
The new mortgage required payments of principal and interest of $60 per month for five years, with final payment of $843.37 on December 9, 1957. The borrowers had made seven such monthly payments of $60 at the time this suit was commenced. No interest credit was allowed for the six days' delay between the date of the mortgage note and the date of closing.
Upon the facts here set out, the Master concluded that the transaction was rendered usurious in three particulars: first, the failure to credit appellees with interest in the amount of $5.60 accruing between December 9 and December 15; second, the charge of $50 as fee for appellants' attorney; and third, the failure of appellants to pay off the Chase mortgage with the proceeds retained for that purpose. Upon a detailed calculation of the actual interest involved in the transaction, the Master recommended the forfeiture of the total interest contracted and the additional amount of $546.18, being twice the amount of interest actually exacted and received, according to his calculation. The Master's conclusions were approved in the final decree and the mortgage was reformed by reducing the monthly payments to an amount sufficient to pay out the principal, less forfeitures, by the end of the term of the mortgage. The findings of usury, as well as the manner of imposing the forfeiture, are challenged on this appeal.
Manifestly, if the transaction presented here, in any of the particulars charged, constitutes a device or contrivance for the exaction of additional interest over that provided in the mortgage note itself, then the whole transaction is rendered usurious inasmuch as ten per cent interest contracted in the note is the maximum allowable under the law. The controlling statutes, Sec. 687.03 and 687.04, Florida Statutes, F.S.A., provide:
*792 "687.03 It shall be usury and unlawful for any person, or for any agent, officer or other representative of any person, to reserve, charge or take for any loan, or for any advance of money, or for forbearance to enforce the collection of any sum of money, a rate of interest greater than ten per cent per annum, either directly or indirectly, by way of commission for advances, discounts, exchange, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of ten per cent, as aforesaid. * * *"
"687.04 Any person, or any agent, officer or other representative of any person, willfully violating the provisions of § 687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court in this state, either at law or in equity; and when said usurious interest is taken or reserved, or has been paid, then and in that event the person, who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest, shall forfeit to the party from whom such usurious interest has been reserved, taken or exacted in any way, double the amount of interest so reserved, taken or exacted; * * *."
We cannot agree that either the failure to credit interest for the delay in closing or the charge of the fee for appellants' attorney is a violation of the statute under the facts before us. With respect to the interest credit, there is no suggestion in the evidence that the note was predated or that the delay in closing was contrived with any intent to circumvent the statute. Nor do we think such usurious intent may reasonably be imputed to the appellants from the other aspects of the transaction. In the absence of any reasonable basis for imputing such an intent, it is our view that the failure to abate interest until the actual closing was an error in closing and should be adjusted as such rather than an usurious exaction. Maule v. Eckis, 156 Fla. 790, 24 So.2d 576; Chandler et ux. v. Kendrick, Fla., 108 Fla. 450, 146 So. 551.
The attorney's fee charged the borrowers in this case was included as part of the expenses of the loan as agreed in the loan application. It is settled in this state that the borrower may legitimately agree with the lender to pay actual reasonable expenses of examining and appraising security offered for a loan as well as the costs of closing the transaction, even though such payments, when added to the interest contracted for, exceed the maximum interest allowed by law. Pushee v. Johnson, 123 Fla. 305, 166 So. 847, 105 A.L.R. 789. Examining title of the loan security and handling the closing of a loan are services traditionally rendered by attorneys at law and involve an actual expense to the lender which he may pass on to the borrower under the rule quoted. The holding below, and the contention here, is that the fee in this case is ruled by the holding of this Court in Stoutamire v. North Florida Loan Association, 152 Fla. 321, 11 So.2d 570. We do not agree with such contention. From the particular facts of the Stoutamire case, the Court found that a pretended attorney's fee was in reality a bonus paid to the lenders' agent and attorney in fact rather than a legitimate expense of the loan. Under the facts peculiar to that case the Court applied the rule of Richter Jewelry Co. v. Schweinert, 125 Fla. 199, 169 So. 750, that our statute reaches the acts of the lender's agent as well as the lender himself and that such agent cannot under our statute be the employed agent of the lender and at the same time make a profit for himself by exacting a bonus or commission from the borrower if the commission, together with the interest, exceeds the legal limits and amounts to usury. The situation of that case is expressed in the language [152 Fla. 321, 11 So.2d 571]: "In the transaction his status as an attorney in fact was definitely fixed and in that capacity he dealt with the appellant. He could not then adopt the position of attorney at law for the purpose of receiving compensation as a legitimate item in the expenses of the loan. For practical *793 purposes, in making the loan he was the lender." Nothing in the case now before us justifies the application of that rule. The attorney's participation in the transaction involved here goes no further than the rendering of a legitimate legal service and his fee is legally chargeable to the borrowers under the general rule of Pushee v. Johnson, supra.
We must next decide whether appellants' method of discharging the Chase mortgage renders this transaction usurious. To decide that question we must consider the fact that the payment by appellants of the Chase mortgage on behalf of the borrowers, appellees, is in legal effect only a disbursal of the proceeds to the borrowers, but elected to be made directly by lenders to the mortgagee as a precaution to assure to the lenders the discharge of that mortgage constituting a lien prior to their own. Thus a delay in making that payment amounts to a delay in the advancement of a substantial portion of the loan. Since time as well as amount of principal is a factor in the calculation of interest, it is evident that retention of a substantial portion of the loan without a corresponding abatement of interest on the amount retained has the effect of substantially increasing the per centum of interest on the actual amount advanced by the lenders and received by the borrowers, which is the significant amount contemplated by the statute. It is undisputed in the evidence that the retention by the lenders of that portion of the principal earmarked for the Chase mortgage was by their original intention and design, that it continued for over seven months, and although gradually reduced by installments, would have continued throughout the term of the loan except for the compulsion of this litigation. It is not difficult to appreciate the effect of such a scheme and to recognize it as a device or contrivance for the exaction of usurious interest condemned by the statute. The statute recognizes that usurers are necessarily driven to various schemes and devices to cover their evasions of the law, and the Courts have always been alert to recognize the substance of their transactions and to impose the prescribed penalties. 55 Am.Jur., Usury, Sec. 14, page 332; Wicker v. Trust Co. of Florida, 109 Fla. 411, 147 So. 586; Beacham v. Carr, 122 Fla. 736, 166 So. 456; Grider v. Calfee, 242 Ala. 50, 4 So.2d 474.
We hold, therefore, that the scheme resorted to in this case constitutes a violation of the usury statute and invokes the forfeiture of the entire interest contracted. In addition, the evidence shows that of the seven monthly installments paid by appellees, a total of $186.73 was charged to interest by appellants, for which they must forfeit twice that amount as usurious interest actually paid and exacted.
The final decree accomplishes the forfeitures against appellants by reducing the amount of the monthly installments of the mortgage note. We think that the forfeitures imposed do not require or justify altering the fixed provision of the note that it shall be repaid in monthly installments of $60 each. The total obligation of the note has been reduced in these proceedings, but the effect is that each such agreed installment shall henceforth be applied entirely to principal until the face of the note, less credit for forfeitures, shall have been fully paid.
The final question presented here by appellants concerns the amount of the fee allowed the special Master. Upon a consideration of the evidence we do not consider the fee allowed to be so excessive that we should disturb it.
The decree appealed from is affirmed in part and reversed in part and remanded for the entry of final decree in conformity with this opinion.
ROBERTS, C.J., and SEBRING and HOBSON, JJ., concur.