## SHAFFRAN v. HOLNESS, et al.

Circuit Court, Palm Beach County.

January 26 and March 13, 1956.

John E. Born and Warwick, Paul & Warwick, all of West Palm Beach, Ward & Ward and Simon & Hays, all of Miami, for plaintiff.

Farish & Farish, West Palm Beach, for defendants.

R. O. MORROW, Circuit Judge.

*Summary final decree*: This cause coming before the court for the entry of summary final decree, each party having filed a motion for summary decree and having stipulated that the court enter such final decree based on the pleadings, affidavits and depositions now making up the record herein, and the court having heard argument of counsel, finds that the plaintiff filed his suit to foreclose his mortgage on certain real property and that the defendants, among other things, plead the defense of usury. The questions to be determined are—(1) Do the note and mortgage and charges in connection therewith, constitute a usurious contract by charging more than 10% interest, in violation of provisions of section 687.03, Florida Statutes? (2) Do the note and mortgage and charges in connection therewith, constitute a usurious contract by charging interest in a sum greater than 25%, in violation of provisions of section 687.07? and (3) Was there an agency relationship between the plaintiff Shaffran and United Mortgage Company, as would bind the plaintiff and cause him to be liable for the acts of said mortgage company?

In answer to the first question, the court finds that the note and mortgage were dated December 5, 1954; that the note was in the principal sum of $15,000, and that the interest shown on the face of the note is 10% ; that the defendants actually signed the note and mortgage on December 13, 1954, and received the money therefor on December 13, 1954, as evidenced by defendants' exhibit 16, being a check payable to the defendants by United Mortgage Company. The plaintiff, by his testimony, charged interest from December 5th, 1954; this is corroborated by the testimony of A. Neil Sawyer. In that the note charges 10% on its face and that the defendants were charged additional interest for a period of 8 days from December 5 to December 13, 1954, amounting to $32.24, when they had not yet received the loan money, there is a violation of section 687.03, the same being a charge greater than 10%. (See Mindlin v. Davis (Fla.), 74 So. 2d 789.) The amount of interest actually paid by defendants on the note and mortgage was $819.81, through July, 1955, when payments ceased. (See defendants' exhibit 4.) Under this violation, the entire interest is forfeited and in addition thereto the defendants are entitled to the return of double the amount of interest actually paid, or the sum of $1,639.62.

Questions 2 and 3 must be answered together—was there an agency and were there charges exceeding 25%? Defendants claim that the withholding of approximately $3,000 by United Mortgage Company was unauthorized, unlawful and usurious. The defendants further contend that a certain written agreement signed by defendants and in evidence as defendants' exhibit 11, which sets forth an agreement on the part of the defendants to pay United Mortgage Company "$3,000 to obtain and process said mortgage loan," was wrongfully and fraudulently filled in by United Mortgage Company after being signed. There are several documents offered in evidence which pertain to the closing of the loan transaction, some are dated December 5, 1954, some December 13, 1954, and one December 14, 1954. Both defendants testified that they went together only once to the office of the United Mortgage Company and signed all papers at that time, to-wit: December 13, 1954, and signed no other papers at any other time or place; that at the time of signing the note and mortgage, the plaintiff's name "Abraham Shaffran" did not appear thereon and the date was blank; that defendants' exhibit 11 was blank when defendants signed it; that the plaintiff's name did not appear on any of the papers at the time of signing. This testimony is not refuted. The only conflict in testimony is that of A. Neil Sawyer, owner of United Mortgage Company, to the effect that he was present on December 5, 1954 when exhibit 11 was signed. He also testified

that his brother, Murray Sawyer, was present when the note and mortgage were signed, which signing he said was on December 5th; later he said he did not remember whether he was in West Palm Beach or not on December 5th. His testimony was uncertain and conflicting.

The testimony discloses that after the papers were signed, the check for $11,881.43 was handed defendants; that they protested and were advised that if they wanted the money they would have to take it that way; they asked to take the papers to their attorney and were refused; being in financial difficulty, defendants took the check.

On the question of agency, A. Neil Sawyer testified that prior to this transaction the plaintiff was listed on records of United Mortgage Company as a loaner and that—"We knew that Mr. Shaffran is a man that loans money on mortgages and we contacted him."

The plaintiff testified he went to view the property with Murray Sawyer; that he did not discuss with defendants why he was there; that he knew United Mortgage Company was endeavoring to secure a mortgage for him; A. Neil Sawyer testified to the same and to the fact that Seymour Simon, attorney for plaintiff, knew all about this transaction; A. Neil Sawyer further testified that Mr. Holness did not know where he should make his payments and for that reason United Mortgage Company sent the letter of December 21, 1954 (defendants' exhibit 24) to defendants. The defendants testified they had not known Mr. Shaffran was in anywise connected with the mortgage but assumed he was an appraiser when he visited the property with Murray Sawyer; that the first the defendants knew Shaffran was connected with the mortgage was upon receiving the notification from United Mortgage Company on December 21st to make payments to Abraham Shaffran; that the defendants thought at all times up to said notice of December 21st, that they were borrowing money from United Mortgage Company. The evidence (defendants' exhibit 8) shows that the attorney for United Mortgage Company, upon advice of plaintiff, wrote defendants that they were in default on their mortgage payments.

Though A. Neil Sawyer testified they were representing the defendants, the evidence discloses actions and facts from which it must be concluded that United Mortgage Company was agent for plaintiff, and acted for him, and with his knowledge; and at his request secured the mortgage loan in his behalf.

The evidence further discloses that the United Mortgage Company paid out on December 13th a check to Murray Sawyer in the sum of $750, as commission; that A. Neil Sawyer and his wife

are the owners of the United Mortgage Company and United Mortgage Corporation; that the "company" paid the "corporation" $1,687.10 as a brokerage commission; and further that a check for $225 was paid out as a "finder's fee."

The court finds the following legitimate charges—$150 attorney's fee for the plaintiff; $187.90 title insurance; $46.30 plus $72.27, for insurance; $30 for intangible tax, totaling $486.47. This, subtracted from $3,118.57, being the amount withheld according to the closing statement, defendants' exhibit 12, leaves an unlawful charge in the sum of $2,632.10. This amount is equal to 17.5% per annum on $15,000. The percentage is greater when the period of one year is reduced to nine months, that is, September 19, 1955, the date on which the plaintiff exercised his option to accelerate the mortgage (see exhibit 10). (See Smith v. Midcoast Investment Co. (Fla.), 173 So. 348, sub. par. 8.) This 17.5% in addition to the 10% shown on the face of the note and mortgage amounts to 27.5%.

The court finds that the plaintiff and his agent, United Mortgage Company, did secretly, wrongfully and unlawfully, and without full disclosure of all facts, withhold from defendants the sum of $2,632.10, which together with the lawful rate of 10% interest amounts to a charge of 27.5%, and further that such charge violates the provisions of section 687.07, and operates as a forfeiture of both principal and interest.

It is ordered and decreed that the mortgage and note, which are the subject matter of this suit, are void and shall be held for naught; that the total amount of the principal and interest under said note and mortgage shall be forfeited by the plaintiff; and that upon the filing herein of the original note and mortgage, the court will enter its final decree canceling the same and otherwise enforcing the provisions hereof.

*Final Decree*: This cause coming before the court on defendants' motion for the entry of final decree, and plaintiff's petition for rehearing, and the same having been duly presented by counsel for the parties, the court finds that by the stipulation filed herein December 15, 1955, and by oral stipulation before the court, the parties agreed as follows—"That neither party desires and does hereby agree that they will not submit any further affidavits or evidence and that the respective motions for summary final decree will be considered by the court after argument on the record, pleadings, affidavits and depositions as are now on file in the cause, including the transcript of the deposition taken of the defendants on December 13, 1955."

The court further finds that the defendants did not actually sign the note and mortgage on December 13, 1954, in that said note and mortgage were filed for record and recorded on December 8, 1954. The court cannot believe that said documents were signed on December 5, 1954, as contended by plaintiff, in that December 5, 1954 was a Sunday. The court further finds that the documents in question were signed some time between December 5, 1954 and 4:33 P.M. December 8, 1954; and further that the exact time of the signing of the documents is not material, in that the evidence discloses that interest was charged and collected from December 5th, the date appearing on the note and mortgage, though the money was actually paid over on December 13, 1954.

The mortgage carries the full legal interest rate of 10%, and any interest charged above such percentage is usury, and violates provisions of section 687.03. As found in the summary final decree, the defendants actually paid in interest on the note and mortgage $819.81 and are entitled to the return of double said amount, or the sum of $1,639.62; also, there was an unlawful charge of $2,632.10. The defendants are entitled to the return of double this amount, or the sum of $5,264.20. The above amounts are found by reason of the violation of section 687.03. The court further finds that plaintiff violated section 687.07 and therefore defendants are entitled to the return of the principal actually paid on said note and mortgage in the sum of $2,180.19.

As in the summary final decree the court finds that the United Mortgage Company was the agent of the plaintiff. It requires no imagination to decide that the plaintiff was conversant with the whole plan of loaning his money, and through the steps leading up to the closing of the transaction, the plaintiff should be charged with knowledge of the mortgage company's manner of operation.

It is ordered and decreed that the mortgage and note which are the subject matter of this suit, are void and held for naught; that the plaintiff shall forthwith file herein the original note and mortgage sued upon and that the same hereby stand canceled; that the defendants shall have and recover of and from the plaintiff the sum of $9,084.01, for which let execution issue.