467 So.2d 1038 (1985)
Irene T. HOOL, Appellant,
v.
C. Alfred RYDHOLM and Irene E. Rydholm, His Wife, Appellees.
No. 83-2619.
District Court of Appeal of Florida, Second District.
March 20, 1985.
Rehearing Denied April 29, 1985.
John T. Allen, Jr., St. Petersburg, for appellant.
David Jonathan Ross of Fleece & Rhoades, and Marian H. McGrath of Carey & Harrison, St. Petersburg, for appellees.
RYDER, Chief Judge.
This case involves the question as to whether the interest charged on a purchase money wrap-around mortgage was usurious. The trial court found that it was not. We agree and affirm.
The parties here entered into a contract for sale whereby the appellant agreed to buy a condominium from the appellees for $83,500.00. At that time, Irene T. Hool, the appellant/buyer, paid $3,000.00 as earnest money. At the closing, Hool executed a wrap-around mortgage of $58,500.00 at 13% interest and paid approximately $20,000.00 in cash. However, the sellers remained liable on the underlying first mortgage on the property which had an outstanding principal balance of approximately $34,158.00. Hool did not assume the first mortgage though she had the right to *1039 make payments on it if the sellers failed to do so.
After Hool had made seventeen mortgage payments, she stopped paying on the wrap-around mortgage. However, unbeknownst to the sellers, Hool began making payments on the first mortgage even though it was not in default. Hool filed an action for declaratory relief and damages contending the transaction was usurious in that the sellers did not advance the full $58,500.00 as an extension of credit to her. Rather, Hool contended that the amount of credit extended was only $24,341.41, or the difference between the full amount of the wrap-around mortgage ($58,500.00) minus the outstanding principal balance on the first mortgage ($34,158.59). Consequently, Hool calculated the actual rate of interest to be 19.04%, which was more than the statutory rate of 18%. § 687.03, Fla. Stat. (1981).
We disagree with Hool's contentions. The buyer did in fact receive an advance of credit from the seller of $58,500.00 because she was able to purchase property worth $83,500.00 for a cash down payment of approximately $25,000.00. The remaining balance was $58,500.00 which was the amount secured by the wrap-around mortgage. In other words, the transaction here involved the sellers' extension of credit to the buyer of the difference between the purchase price and the cash down payment. For two thorough discussions on the difficulty of calculating the principal in a purchase money wrap-around mortgage, see Usury: 1979 Florida Statutory Reform Partially Solves Usury Regulation Defects, 31 U.F.L.Rev. 756, 776-79 (1979), and Note, Wrap-around Financing: A Technique for Skirting the Usury Laws.?, 1972 Duke L.J. 785, 787-89. We also found the following explanation and categorization of wrap-around mortgages helpful:
Commentators have suggested that there are three kinds of wrap-around mortgage loans and that the determination as to the principal balance to be used for usury purposes depends upon which kind is involved... .
Refinancing Wrap-Around
A "refinancing" wrap-around mortgage occurs when a person, not in conjunction with sale of the property, merely seeks to borrow additional money on property already subject to a first mortgage... . It is believed generally that refinancing a purchase money mortgage is most likely to result in an usurious loan because the courts treat only the additional amount advanced over the first mortgage as principal for calculating interest. See Mindlin v. Davis, 74 So.2d 789 (Fla. 1954). That is true because the borrower already has the advantage of his low interest rate first mortgage and in effect there is a shift of economic benefit of the low rate of the first mortgage from the borrower to the lender.
Seller's Wrap-Around
A "seller's" wrap-around mortgage exists if a seller sells property already subject to a first mortgage and takes back a purchase money mortgage for a purchase price exceeding the first mortgage with the seller agreeing to remain responsible for the first mortgage and the buyer not assuming that first mortgage. The seller's wrap-around mortgage is likely to survive a usury test by treating the principal balance for usury purposes as the entire amount of the wrap-around mortgage and not merely as the part of the purchase price that exceeds the first mortgage. The upholding of the seller's wrap-around mortgage is based on the fact that the seller has the advantage of his low interest rate first mortgage and merely retains that advantage, remaining liable to pay for a loan for which the seller was already responsible. The purchaser receives the real estate  all that he bargained for  and does not give up the advantages of the low interest rate first mortgage as occurs in the refinancing wrap-around.
Third Party Purchase Money Wrap-Around
A "third party purchase money" wrap-around mortgage exists if a wrap-around mortgage is used to finance the purchase *1040 of real estate already subject to a first mortgage, but a third party lender and not the seller is the lender on the wrap-around mortgage.
It is uncertain how that kind of wrap-around should be treated. The borrower is not giving up the low interest mortgage, but the lender is not in the position of simply retaining an advantage that was the lender's before the sale... .
The Florida Bar Continuing Legal Education, Practice Under Florida Usury Law § 4.35-4.37 (1979).
Using the categorizations given above, we believe the type of purchase money wrap-around mortgage involved here is a "seller's wrap around" mortgage and, thus, this case is distinguishable from Mindlin v. Davis, 74 So.2d 789 (Fla. 1954). Lastly, we do not perceive any conflict between our result and that of Cassel v. I.R.E. Financial Corp., 387 So.2d 377 (Fla. 3d DCA 1980).
Affirmed.
GRIMES, J., and MENENDEZ, MANUEL, Jr., Associate Judge, concur.