**In re Robert HAMLETT, Alicia Hamlett, Debtors.**

**Bankruptcy No. 85–659–BK–J–11.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 28, 1986.

Marshall W. Liptak, Jacksonville, Fla., for debtors.

Ronald Bergwerk, Jacksonville, Fla., for Mortgage Finance Funding, Inc.

Harry Katz, Jr., Jacksonville, Fla., for Mortgage Finance Funding, Inc.

ORDER SUSTAINING DEBTORS'
OBJECTION TO CLAIM
NUMBER 4

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came before the Court on debtors' objection to claim number 4 filed

by Mortgage Finance Funding, Inc. Debtors contend that the interest rate charged by Mortgage Finance under its wrap-around mortgage exceeds 18 percent per annum in violation of the Florida Usury Law and is unenforceable. F.S.A. § 687.-03.

## I. *The Facts*

Debtors borrowed $13,453.40 from Mortgage Finance Consultants, Inc., securing it with a second mortgage on their home. This mortgage was immediately assigned by Mortgage Finance Consultants, Inc., to Mortgage Finance Funding, Inc.

The second mortgage was created in the form of a wrap-around mortgage on debtors' residence in the principal amount of $35,600 plus 17.5 percent interest. This $35,600 constituted the $13,453.40 principal amount loaned by Mortgage Finance plus the $22,146.60 principal amount due Alliance Mortgage Company on the underlying first mortgage. Although debtors remained primarily liable on the first mortgage, the wrap-around mortgage provided for payment of the first mortgage by Mortgage Finance and allowed Mortgage Finance the option of paying the first mortgage if debtors defaulted under the wrap-around mortgage agreement. Debtors ceased making direct payments to the first mortgagee until after the filing of the bankruptcy petition.

Debtors defaulted under their obligation to Mortgage Finance prior to the filing of the petition. Mortgage Finance instituted a state court foreclosure action and by default received a Summary Final Judgment of Foreclosure in the amount of $41,-978.76 on July 29, 1985. This final judgment represents $39,133.18 for principal and interest, $192.08 for escrow payments to the first mortgagee, $50.00 for title search costs, $2,500.00 for attorney fees and $103.50 for court costs. Debtors filed their petition under 11 U.S.C. Chapter 11 on August 7, 1985.

## II. *Res Judicata*

The first issue to be addressed is whether the doctrine of res judicata prevents the Court from going behind a valid state court judgment obtained by default to examine whether the interest rate charged is usurious.

■ It is well settled that a claim reduced to judgment is conclusively established as to amount and validity even if the judgment was obtained by default. See *Kapp v. Naturelle*, 611 F.2d 703 (8th Cir. 1979); *Cabinet Craft, Inc. v. A.G. Spanos Enterprises, Inc.*, 348 So.2d 920 (Fla. 2d DCA 1977); and *Hay v. Salisbury*, 92 Fla. 446, 109 So. 617 (1926). The doctrine of res judicata bars the relitigation of the claim on the merits and also bars the assertion of any claim or defense in a subsequent action which could have been raised in the first proceeding whether or not such claim or defense was raised. *Matter of Farrell*, 27 B.R. 241, 243 (Bkrtcy., E.D.N.Y. 1982), citing, *Teltronics v. L.M. Ericsson Telecommunications*, 642 F.2d 31 (2d Cir.1981), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981); and *Florida Real Estate Commission v. Harris*, 134 So.2d 785 (Fla.1961), *cert. denied*, 371 U.S. 906, 83 S.Ct. 203, 9 L.Ed.2d 167 (1962).

■ Mortgage Finance argues that the usury defense was available to debtors in the state action and that the doctrine of res judicata bars the assertion of this defense in this bankruptcy proceeding. The Court declines to follow this position, finding that usury is a fundamental public policy declaration and is the type of defense which allows the Court to look behind the state court judgment notwithstanding principles of res judicata. See *Matter of Farrell*, *supra* at 246.

Under Florida law, "[a]ll contracts for the payment of interest upon any loan, ... at a higher rate of interest than the equivalent of 18 percent per annum simple interest" is usurious. F.S.A. § 687.02(1). It is unlawful for any person or entity to enforce collection of an usurious interest rate. F.S.A. § 687.03. If any person or entity through a representative willfully violates § 687.03 by enforcing a usurious interest rate, that person or entity forfeits the entire interest so charged. F.S.A.

§ 687.04. Only the actual principal amount due on the contract can be enforced in any court in the State of Florida either at law or in equity. *Id.* If the Court finds that an usurious interest rate is involved then it has authority as a court of equity to look behind the state court judgment and determine whether the interest charged is forfeited pursuant to F.S.A. § 687.04.

### III. *Usury.*

The pertinent issue is whether the mortgagee willfully enforced an interest rate in excess of 18 percent in violation of F.S.A. § 687.03.

This wrap-around mortgage is known as a "refinancing wrap-around," i.e., the owner of property already subject to a first mortgage borrows additional money on the property and the lender takes back a mortgage with a principal balance comprised of the principal due on the first mortgage and any new monies. See *Hool v. Rydholm,* 467 So.2d 1038, 1039 (Fla. 2d DCA 1985), citing, The Florida Bar Continuing Legal Education, *Practice Under Florida Usury Law* § 4.35–4.37 (1979). This type wrap-around mortgage usually results in a usurious loan because only the additional amount loaned over the first mortgage is treated as principal for calculation of the interest charged. *Id.* Since a lender would not loan the money at an interest rate lower than that charged on the first mortgage, the lender earns a profit on the first mortgage by exacting a high rate of interest on the wrap-around mortgage while paying out a low rate of interest on the underlying mortgage. *Id.* This profit boosts the actual interest rate being charged to the borrower to an amount in excess of the rate stated in the contract. If the augmented rate exceeds 18 percent per annum, the rate is usurious.

■ The interest rate in the contract between debtors and Mortgage Finance is 17.50 percent per annum. The truth in lending statement prepared for debtors shows the interest rate charged was 18.50

percent per annum.[1] Testimony at the hearing showed that the actual, augmented interest rate charged debtors was 30.47 percent. It is obvious that the actual interest rate being charged by Mortgage Finance exceeded 18 percent per annum and that it intended to enforce this usurious rate.

Mortgage Finance asserts however that it is exempt from Chapter 687 of the Florida Statutes. Mortgage Finance Consultants, Inc., a subsidiary of Mortgage Finance Funding, Inc., was the originator on the subject mortgage and is a duly licensed mortgage broker under Chapter 494 of the Florida Statutes. Mortgage Finance · asserts that F.S.A. § 687.12, a parity statute, creates an exception for certain lendors or creditors who would otherwise be subject to the provisions of Chapter 687 if the lendor or creditor indicates on the instrument evidencing the loan the "... specific chapter of the Florida Statutes authorizing the interest rate charged." F.S.A. § 687.-12(4).

■ The subject mortgage note reads that the interest rate charged by Mortgage Finance was authorized by F.S.A. § 665.-077 and that this language constituted notice as required by F.S.A. § 687.12(4).[2] Section 665.077 of the Florida Statutes states that interest paid on wrap-around mortgages which are inferior to the first mortgage shall not be "deemed usurious" if the "... mortgagee is contractually obligated to make the payments required under the first mortgage." F.S.A. § 665.-077(4).

Section 665.077 is part of Chapter 665, a chapter for savings and loan associations. At no time has Mortgage Finance asserted that Mortgage Finance Consultants, Inc., in its capacity as originator of the note came within the province of Chapter 665 and was entitled to utilize the authority of § 665.-077. Mortgage Finance asserted that Mortgage Finance Consultants, Inc., was a mortgage broker licensed pursuant to

**1.** Debtors' Exhibit No. 3, Federal Truth-In-Lending Disclosure Statement.

**2.** Debtors' Exhibit No. 1, Wrap-Around Mortgage Note.

Chapter 494. The purposes of these two chapters are distinct and appear to be mutually exclusive. See F.S.A. § 494.03 and § 655.005.

The evidence before the Court does not support a finding that Mortgage Finance Consultants, Inc., as originator of the mortgage note, is authorized to use its mortgage brokers status to exempt this transaction from Chapter 687. Since the transaction is not exempt from Chapter 687, the Court finds that Mortgage Finance intended to enforce an usurious interest rate and willfully violated F.S.A. § 687.03. Mortgage Finance forfeits its right to the interest charged.

It is ORDERED.

1. Debtors' objection to claim number 4 filed by Mortgage Finance Funding, Inc., is sustained.

2. The claim of Mortgage Finance Funding, Inc., is allowed to the extent of principal due on the monies it actually loaned, and the $2,500.00 of attorneys fees and $103.50 costs incurred in the state court foreclosure action. Alliance Mortgage Company filed its own proof of claim for the amount owed on the underlying first mortgage.