STONE, Judge.
The appellant was the plaintiff in a mortgage foreclosure. The trial court determined that a wraparound note and mortgage to the appellant from the appellees was usurious and unenforceable pursuant to Florida Statutes Chapter 687. We conclude that the transaction was not usurious and reverse.
The Perrys purchased the real property in question from Southeast Scott, Inc. Hibbs was the sole owner of the corporation. The purchase price of the property was $87,350. A first mortgage of $45,-010.21 and a second mortgage of $16,072.51 encumbered the property. The buyers paid $13,350 total cash credited at closing and executed a “wraparound” balloon note and mortgage for the entire $74,000 difference payable, interest only, at 10.84 percent for twenty-one months. At maturity the $74,-000, less the first mortgage balance to be assumed, would be due. The interest rate on the first mortgage was 9 percent and on the second was 13.51 percent. The first mortgage was assumable, the second was not.
The trial court, in part, found:
At time of closing, Charles C. Hibbs made no distribution of funds to Steven M. Perry or Marlene Perry. There is no evidence to support a finding that any money changed hands either between Charles C. Hibbs and the Perrys or Charles C. Hibbs and the seller, Southeast Scott, Inc.
Based upon the clear and unequivocal language of the promissory note, the Perrys made “interest only payments of $668.47 per month to Hibbs.” The interest represented the calculation for interest at 10.84% on a principal amount of $74,000.00. Charles C. Hibbs did not lend the Perrys $74,000.00 and was not entitled to charge or collect interest on that sum. The Perrys made 21 payments of $668.47 to Hibbs totalling $14,-037.87.
[[Image here]]
If the promissory note and mortgage were enforced, the Perrys would be required to pay to Hibbs a sum of money *237 greater than the actual principal received by them, together with interest at the rate of eighteen (18%) percent per an-num. Accordingly, under the criteria set forth in Florida Statute 687.03(1) the transaction was usurious....
The appellees argue that a third party must actually advance funds or forebear the collection of sums due in order to avoid the burden of usury on these terms. The appellees reason that even though this transaction would not be considered usurious if the note had been payable to the corporation-seller, it was usurious as to Hibbs, who advanced no new money and took the note for tax reasons in his individual name. Hibbs signed the deed on behalf of the corporation. Originally the property was in his name prior to his placing title in the corporation. Other than his obligation under the wraparound terms to keep the two mortgages current and to personally satisfy the second mortgage if necessary, Hibbs was not personally obligated on the existing financing.
Generally, on a wraparound mortgage where a third party lender collects interest exceeding 18 percent on advanced funds which it did not advance and is not obligated to pay, courts treat the transaction as usurious. Cf. Mindlin v. Davis, 74 So.2d 789 (Fla.1954).
Here, however, the only interest reasonably attributable to the purchase money mortgage is, at most, less than 14 percent. The buyers paid $13,350 on the purchase price and at closing they received a credit for the full difference. As the existing financing totaled $61,082.72, the purchase money difference owed by the buyers, whether to Hibbs or his corporation, was $12,917.28. The net retained by Hibbs on the wraparound payments, after paying the interest on the existing mortgages, was $1,799 per year.
We can discern no reason why Hibbs should not stand in the shoes of the corporate-seller and receive the benefit of the credit afforded the buyers at closing. The decision of a vendor to substitute a third party for its rights under a purchase money note and mortgage does not affect the obligations of a purchaser. Cheves v. First Nat'l Bank, 79 Fla. 34, 83 So. 870 (1920). Wraparound transactions are not inherently usurious. Here, there patently was no use of the wraparound terms as a mechanism to exact an illegal interest rate. The impact of the transaction on the buyers is no different than if there were a third mortgage for the purchase money difference. The effect of naming Hibbs on the note is no different than if there were an assignment of a note made payable to the corporation.
Therefore, the final judgment is reversed and remanded for further proceedings consistent with this opinion.
WALDEN, JAMES H„ Senior Judge, concurs.
POLEN, J., dissents without opinion.